### HAMILTON *v.* RHODES.

#### Opinion delivered October 29, 1904.

1. MORTGAGE—SALE UNDER POWER—APPRAISED VALUE.—A sale of land under a power contained in a mortgage will not be set aside because the deed recites a consideration less than two-thirds of the appraised value, if uncontradicted parol evidence establishes that the land sold for a sum in excess of two-thirds of the appraised value, and that the recital of the smaller sum was a clerical mistake in drafting the deed. (Page 627.)

2. MORTGAGE TO SECURE ADVANCES—CONSTRUCTION.—A mortgage given to secure a sum named and "all additional advances made by second parties to first party to enable him to make the crop" covers all advances necessary to enable the mortgagee to gather his crop, whether made before or after the crop is laid by. (Page 628.)

3. PAYMENT—APPLICATION.—Where one is indebted to another in two different sums, and makes a payment without applying it, the creditor is at liberty to apply it to either debt. (Page 628.)

4. MORTGAGE SALE—RIGHT OF MORTGAGEE TO PURCHASE.—Where a mortgage mentioned a third person as trustee, the mortgagee may purchase at a foreclosure sale conducted by the former. (Page 629.)

5. SAME—EFFECT OF MISTAKE IN ACCOUNT.—Where a mortgagee purchased the mortgaged land at a sale under a power contained in the mortgage, and paid therefor by crediting the purchase money on the account secured by the mortgage, the fact that such account included a relatively small amount not secured by the mortgage will not invalidate the sale if no fraud was practiced at the sale, nor any bidders prevented from bidding for the property, nor any injury otherwise done to the mortgagor. ( Page 629.)

Appeal from Mississippi Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

*D. F. Taylor,* for appellants.

The trustee's sale was void because the land was sold for less than two-thirds of its appraised value. Sand. & H. Dig. § 5111; 55 Ark. 268. The recitals of the deed are conclusive on the trustee. 44 Ark. 180; 30 Ark. 418; 29 Ark. 489. Said deed

of trust had been satisfied in full at the time of the foreclosure, and the account after August 1, 1897, was not secured by the trust deed. 1 Greenlf. Ev. §§ 128, 295; 2 Greenlf. Ev. 248, 252; 20 Am. & Eng. Enc. Law, 962-964; 49 Ark. 430; 50 Ark. 259; 38 Ark. 285; 36 Ark. 97; 30 Ark. 753; 12 Ark. 428; 1, Jones, Mortg. § 377; 2 Perry, Tr. 169, 170; 150 Mass. 112. On. application of payments, see: 30 Ark. 750; 2 Pars. Cont. 633; 1 St. Eq. Jur. § 459; 47 Ark. 112; 38 Ark. 294, 295; 30 Ark. 750; 28 Ark. 440; 11 La. 1; 49 Ark. 508; 47 Ark. 17; 2 Jones, Mortg. § 1081; 56 Ark. 139. The sale, being in effect to the trustee, was void. 55 Ark. 472; 42 Ark. 25; 26 Ark. 445; 23 Ark. 627; 20 Ark. 402; 3 Yerg. 383; 1 Pickle, 33; 119 N. Car. 450; 2 Perry, Tr. § 602a. The sale should be set aside because not fairly conducted. 38 Ark. 584; 41 Ark. 264; 2 Perry, Tr. § 602x; 1 *Id.* pp. 225-6; Wiltsie, Forecl. Mortg. § 542; 41 Ark. 264; 38 Ark. 584. The sale should be set aside for inadequacy of price. 41 Ark. 267-270; 47 Ark. 515; 1 Perry, Tr. 225, 226; 2 Wiltsie, Forecl. Mortg. 1338. Rhodes is at best in the status of a mortgagee in possession. 55 Ark. 326; 40 Ark. 275.

*S. S. Semmes,* for appellees.

The recital of consideration in the deed is not binding. 17 Ark. 146; 18 Ark. 65; 15 Ark. 275; 54 Ark. 192. One who holds a lien on a crop may make advances to protect or save it. 38 Ark. 296; *Ib.* 255; 49 Ark. 508. Payments made without instructions may be applied as the creditor prefers. 18 Ark. 521; 20 Ark. 513; 32 Ark. 645; 38 Ark. 285.

HUGHES, J. As stated in appellant's abstract and brief, this was an action instituted in the chancery court of Mississippi county to set aside a trustee's sale of certain lands, made in foreclosure of a trust deed executed by the late J. M. Hamilton and wife to J. E. Sloan as trustee for the use and benefit of J. W. Rhodes & Co., at which sale J. W. Rhodes, one of the appellees herein, became the purchaser of said lands.

The trust deed under which this sale was made was given to secure the said J. W. Rhodes & Co. in the payment by the said J. M. Hamilton of two several and distinct debts, the one a promissory note for $277.43, and the other "for all additional

advances made by said second parties (J. W. Rhodes & Co.) to first party (J. M. Hamilton) to enable him to make his crop for the year 1897."

As shown by the deposition of J. W. Rhodes, this note was given in settlement of a balance then due from the said J. M. Hamilton to the said J. W. Rhodes & Co., and the said J. W. Rhodes & Co. commenced furnishing advances to the said J. M. Hamilton, under said trust deed, from the date thereof, and continued to do so up to the time of Hamilton's death, December 2, 1897; and after Hamilton's death they continued advancing to his widow, one of the appellants herein, who remained in possession of the crop until said crop was finished in the way of being gathered and prepared for market; which said advances upon open account aggregate $489.89.

After the crop had been marketed and the proceeds thereof had been applied by the creditors, J. W. Rhodes & Co., to the payment of the open account, it was found that the total credits to which the said J. M. Hamilton was entitled amounted to $493.10, or an excess of $7.31 over and above the aggregate of said open account, which still left owing to the said J. W. Rhodes & Co., the beneficiaries under said trust deed, the amount of said note, $277.43, less the excess of the $7.31 credited on open account, with 10 per cent. interest from date; in satisfaction of the amount of which note, less the $7.31 on open account, and interest, and some $6.19 of taxes, the lands conveyed in said trust deed were sold by the trustee in May, 1898, under the provisions of said trust deed, and they were purchased by the appellee, J. W. Rhodes.

Appellants in their brief set out six grounds why, in their judgment, said trustee's sale should have been set aside, and this cause be reversed for error.

1. "Because said land was sold for less than two-thirds of the appraised value."

The land was appraised at $400. And while it is true that the trustee's deed from J. E. Sloan to J. W. Rhodes recites a consideration of only $230, J. W. Rhodes, both in his direct examination and in his cross-examination, testified that, as a matter of fact, the property sold for and was purchased by him at the price of $330; and witness assigns, as his reason for giving

this amount, $330, that his debt, with the attendant costs of fore-closure, amounted to about this sum, and he desired to bid enough for the property to cover his debt and said cost of fore-closure, in the event that the land should be redeemed; although he did not consider the property to be worth so much money. Now, Mr. Rhodes' evidence upon this point, that the recital of a consideration of $230 in the trustee's deed to Rhodes was a clerical error in the drafting of the deed, stands uncontradicted, and no effort was made to contradict it.

2. "Because said deed of trust had been satisfied in full at the time of the foreclosure."

The deed of trust was given to secure a note for $277.43, and "all additional advances made by second parties (J. W. Rhodes & Co.) to first party (J. M. Hamilton) to enable him to make his crop for the year 1897." And appellants' claim that no part of J. W. Rhodes' account, made subsequent to the first day of August, was secured by said deed of trust, because a crop is made when it is laid by, and a crop is usually laid by about the first day of August, is untenable. We think that the contention of the appellant on this point is not supported by sound reason or authority, but that the doctrine of *Bell* v. *Ratcliffe, 32* Ark. 664, is correct, in which the court held that in a mortgage which limited the amount of the advances to be furnished for making a crop, the creditor was protected for advances made over and above the amount specified; that the true amount must be determined by the effect and purposes of the trust and the actual necessities of the case. A mortgagee will be protected for advances on a growing crop necessary to protect his security against waste or destruction. *Hughes* v. *Johnson,* 38 Ark. 296; *Fry* v. *Ford,* 38 Ark. 255; *Caldwell* v. *Hall,* 49 Ark. 508.

3. The third ground for motion for new trial is because appellee has no right to apply payments of the credits to the open account, to the prejudice of the note. When one party is indebted to another in two different sums, and a payment is made by him without instruction as to which debt the payment is to be applied to, the creditor is at liberty to apply it to either debt. The evidence shows that the appellee applied the payment to the satis-faction of his account first. There were no instructions given

by the debtor as to the application of the payments. *Bell* v. *Ratcliffe,* 32 Ark. 645; *Hughes* v. *Johnson,* 38 Ark. 285. It appears that the two mares conveyed by the mortgage were not taken or their value applied by the appellee toward the satisfaction of his debt, for the reason that Mrs. Hamilton desired to retain them. It is also in proof that appellee did not receive any corn or hay to be applied on his debt or aught else save what was credited on Hamilton's account.

4. "Because appellee, J. W. Rhodes, could not become purchaser of said trust property."

Appellee's counsel contends that Rhodes was really the trustee, but in the deed of trust Sloan was mentioned as trustee, and there is no reason that Rhodes could not purchase the property. The appellant's contention in this behalf is not tenable.

5. "Because the sale was not fairly and faithfully conducted."

This was a question decided by the chancellor on the testimony. The evidence in the case is not clear that the chancellor was wrong.

6. "Because of the inadequacy of the price paid for said lands by appellee, J. W. Rhodes."

The land was appraised at $400. The deed of the trustee Sloan to Rhodes states as the consideration paid by Rhodes $230. Rhodes testified that he bid for the land, and it was sold to him for $330, and that $230 instead was placed in the deed by mistake of the draftsman. A court of equity has jurisdiction to correct mistakes.

It is shown by the evidence that the sale was made for an amount larger than that secured by it, and it is contended that it rendered the sale void, and that it should be set aside. It appears from the account of the appellee exhibited with his answer that advances made to Mrs. Hamilton, after the death of her husband, the mortgagor, were charged in the account, and constituted a small part of the amount for which the land was sold by the trustee. But, as it does not appear that any fraud was practiced at the sale, nor any bidders prevented from attending or bidding for the property, nor any injury done to the mortgagor, the sale will not be set aside. *Fairman* v. *Peck,* 87 Ill. 156; *White* v. *McClellan,* 62 Md. 347; *Hamilton* v.

*Lubukee,* 51 Ill. 415; *Klock* v. *Cronkhite,* 1 Hill, 107. Doubtless in a proper proceeding the mortgagor's representative would be entitled to recover the amount by which the sum bid exceeded the debt secured and the costs of sale.   See *Spottswood* v. *Herrick,* 22 Minn. 548.

The evidence is sufficient to support the decree, which is affirmed.