LYON v. BASS.

Opinion delivered October 14, 1905.

1. PAYMENT—APPROPRIATION.—When property is mortgaged to secure a debt, and afterwards this property is sold, and the proceeds turned over to the mortgagee, the natural presumption is that both parties intend that the payment shall be applied on the mortgage debt, and the mortgagee has the right to apply the payment in that way, even though the mortgage debt be not due. (Page 537.)

2. SAME—RIGHT OF CREDITOR TO APPROPRIATE.—Where the same property was included in two mortgages to the same creditor, the proceeds arising from a sale thereof may, in the absence of appropriation by the debtor, be applied by the creditor to the payment of either mortgage debt. (Page 537.)

3. APPEAL—PRESUMPTION IN FAVOR OF RECORD.—Where the certified transcript in a cause shows that a decree was rendered during the term of court, the presumption in favor of the clerk's certificate is not overturned by the fact that a record entry of the same day on which

the decree was rendered, which immediately preceded the entry of the decree, recited that the parties were allowed thirty· days in which to take depositions, and that the certificate of one of the depositions shows that it was taken during the following month.   (Page 538.)

4.  RECORD—AMENDMENT.—Where the record of a decree fails to state the truth, the remedy is by amendment of the record.   (Page 538.)

Appeal from Calhoun Chancery Court.

EMON O. MAHONY, Chancellor.

Affirmed.

76   525
84    11
84.   12

STATEMENT BY THE COURT.

On the 10th of February, 1898, H. L. Lyon and wife, N. C. Lyon, executed a deed of trust to D. W. Bass, to secure a note for the sum of $270, due and payable on the 1st of October, 1898, and all other indebtedness due by the mortgagors to Bass at that time. Afterwards certain other advances were made by Bass to Lyon and wife, and certain payments were made by Lyon.   Bass finally brought an action in equity against Lyon and wife to foreclose the deed of trust executed by them, in which he alleged that they owed him a balance of about four hundred dollars, principal and interest.   The defendants appeared, and filed an answer, in which they alleged that they had made payments to plaintiff upon the debt more than sufficient to liquidate the sum secured by the deed. The chancellor found in favor of plaintiff; and gave a judgment in his favor for $411.03, with interest from 1st of January, 1903, and ordered the deed of trust foreclosed, and the land sold to pay the judgment.

Defendants appealed.

*Thornton & Thornton,* for appellants.

1.  In the absence of an appropriation by the debtor, the law applies a general payment to the items of a running account in the order of priority.   57 Ark. 595; 38 Ark. 585.   The cattle were in the first mortgage, and the proceed of same should have been credited on that debt.   49 Ark. 508; 47 Ark. 17; 50 Ark. 256. The debt secured by the second mortgage was not due, and payments should have been applied to the debt that was due.   Benjamin on Sales, § 1109; Tiedeman on Sales, § 152; 47 Ark. 111.

2. A decree in chancery rendered in vacation, though entered on the record in a blank space left for that purpose, is a nullity.  71 Ark. 226.

*C. L. Poole* and *Gaughan & Sifford,* for appellee.

The evidence fully sustains the chancellor's finding that there were two debts, and that the proceeds of sale of property were properly credited, according to the terms of the mortgages, and neither party could change the appropriation without the consent of the other.  39 Ark. 248; 50 *Id.* 256; 47 *Id.* 17; 49 *Id.* 508; 1 Beach, Cont. § 397. The general rule is that when neither party makes an appropriation, the law applies it to the oldest items.  47 Ark. 119. If there is a reason for a different appropriation, the rule does not apply; especially where it would work hardship or injustice.  11 Metc. (Mass.) 174; 34 Ark. 285; 57 *Id.* 27; Beach, Modern Law of Contracts, Vol. 1, § § 393, 394, 397. If the debtor fails to direct the appropriation, then the creditor has the right, provided he applies the payment to the debt the property secures.  30 Ark. 750; 5 Gratt, 357; 32 *Id.* 645; 83 S. W. 351.

After controversy has arisen neither party has the right to make an appropriation of payments.  51 Ark. 371.

2. The decree of a court of record cannot be overturned or set aside by the file mark of a clerk. Judgments of courts of general jurisdiction are presumed, in a collateral inquiry, to be within jurisdiction, unless from the record itself, it appears otherwise.  61 Ark. 464. Evidence *dehors* the record not admissible.  49 Ark. 397; 50 *Id.* 338. Every presumption is in favor of the judgment.  Black, Judgments, § 270; 24 Neb. 490; 39 N. W. 419. The clerk's certificate shows the judgment was rendered at the July term, 1903, and this is conclusive. If the record was silent, it will be presumed it was rendered at the regular term fixed by law.  Black on Judgments, § 271; 68 Tex. 441; 4 S. W. 565.

RIDDICK, J., (after stating the facts.)  This is an appeal by H. L. Lyon and N. C. Lyon, his wife, from a judgment against them in favor of D. W. Bass, foreclosing a trust deed. The first contention on the part of defendant is that the debt secured by the deed has been paid. The evidence tends to show that the plaintiff had two separate accounts against Lyon, one against him and his wife jointly, the other against Lyon alone for advances made to him to carry on a timber and stave business. This last account

was secured by a deed of trust executed by H. L. Lyon only.  No item charged in either of these accounts is disputed by defendant, and they admit the amount of the debt, but claim that, if the payments had been properly applied, the mortgage debt of Lyon and wife would have been paid.  But the payments which defendants claim should have been applied on this mortgage debt of Lyon and wife were made by Lyon with funds which arose out of the sale of land, timber, staves and other property which Lyon had acquired in the stave business, and upon which Bass held a lien to secure advances made by him to Lyon in that business.  The evidence, as before stated, shows that this account against Lyon individually was entirely separate from the one held by Bass against Lyon and wife jointly, which is involved in this suit. Plaintiff had advanced to defendant the money required to buy property and carry on this stave business.  When, therefore, the staves produced in that business, and the other property which plaintiff had advanced the money for defendant to purchase, had been sold, and the proceeds turned over to plaintiff, it was entirely proper for plaintiff to credit it on the debts of that business which defendant owed him for such advances.  Defendant had executed to plaintiff a mortgage on this property to secure such advances. When property is mortgaged to secure a debt, and afterwards this property is sold, and the proceeds turned over to the mortgagee, the natural presumption is that both parties intend that the payment shall be applied on the mortgage debt, and the mortgagee has the right to apply the payment in that way, even though the mortgage debt be not due.  *Greer* v. *Turner,* 47 Ark. 17; *Caldwell* v. *Hall,* 49 *Ib.* 508; *Faisst* v. *Waldo,* 57 *Ib.* 275.

But it is said that certain cattle sold were included in both mortgages, and that therefore the proceeds arising from their sale were improperly applied to the second mortgage.  The evidence as to whether the cattle described in the second mortgage were the same as those in the first is not at all clear, but, conceding that they were the same, we think that, when the debtor made no appropriation of such proceeds, the creditor had the right to apply them to either debt.  *Hamilton* v. *Rhodes,* 72 Ark. 625.

Without going into a further discussion of the evidence bearing on the different payments, we will say that in our opinion it is sufficient to support the finding of the chancellor that Bass had

two separate accounts against Lyon, and that the payments made thereon were properly applied by him.

In conclusion, it is said that the record shows that the decree was rendered in vacation. The decree purports to have been rendered at the July term of the Calhoun Chancery Court, on the 27th day of July, 1903. A record entry of the same day, which immediately precedes the entry of the decree, recites that the parties· were allowed thirty days in which to take depositions, and the certificate to one of the depositions shows that it was taken in August, 1903. So far as the record entry showing that parties were allowed time to take depositions, that cannot overturn the decree entered on the same day, for the parties might afterwards have waived the continuance, and the decree might have been rendered at that term. The fact that the certificate to one of the depositions shows that it was taken in·August—considered in connection with the order allowing time to take depositions, and the recital in the decree that the deposition of this witness was considered by the court—does tend to show that the decree was made in vacation and entered as if made at the preceding term. But the record which the clerk certifies as correct shows that the decree was rendered at the July term, and we do not think that the other matters referred to are sufficient to overturn this certificate of the officer whose duty it is to send up a perfect transcript of the record below.

If this certificate does not state the facts, if the record is not correct, the appellant should have taken steps to have it corrected. *Arkadelphia Lbr. Co.* v. *Asman, 72* Ark. 320. In the present state of the record the judgment must be affirmed. It is so ordered.