## WILLIAMS *v.* RITCHIE.

### Opinion delivered December 16, 1905.

1. JUDGMENT—PRESUMPTION AS TO DATE OF RENDITION.—The fact that the record entry of a decree which purported on its face to have been rendered on a certain day of the July term of the court contained a recital that it was not recorded on a day subsequent to such term does not overcome the presumption that the decree was rendered on the earlier date mentioned. (Page 304.)

2. SAME—PRESUMPTION AS TO ADJOURNMENT.—Where a clerk certifies that the court rendered a certain decree, if it be shown that the decree was rendered on a day subsequent to the regular term of court, it will be presumed that the court was in session on that day by adjournment over from a former day of the term. (Page 304.)

Appeal from Calhoun Chancery Court; E. O. MAHONEY, Chancellor; affirmed.

*C. L. Poole,* for appellant.

A judgment rendered out of term time is absolutely void. Black on Judgments, § 179, and authorities cited; 71 Ark. 226.

*Smead & Powell,* and *Campbell & Stevenson,* for appellee.

Every presumption is indulged in favor of the regularity of the proceedings of courts of superior jurisdiction, and of the verity of their records. The notation by the clerk of the time when the decree was recorded is not sufficient to overcome the presumption that it was rendered in term time. 72 Ark. 320.

McCULLOCH, J. This is a suit in equity brought by appellants against the appellee to cancel a mortgage on land executed by their parents to appellee and a sale made pursuant to the power contained in the mortgage. They allege that the debt secured by the mortgage is barred by the statute of limitations, and that appellee had fraudulently entered on the record certain credits claimed by him in order to keep the debt alive.

The defendant denied the allegations of the complaint, and by cross-complaint set forth the fact that there had been a valid foreclosure of the mortgage, and prayed that his title be quieted. The decree of the court, copied in the transcript, recites that the cause was heard upon the pleadings and exhibits, no testimony being adduced by either party, and the complaint was dismissed for want of equity, and the title to the land decreed to be in the defendant. The plaintiffs prayed an appeal from the clerk of this court, which was granted.

The only grounds urged for reversal is that the cause was heard by the chancellor, and the decree was rendered in vacation.

The condition of the record is strikingly similar to that in the recent case of *Lyon* v. *Bass,* 76 Ark. 534, and is controlled by the decision in that case. The decree in this case, as in the case just cited, purports to have been rendered at the July term of the court on July 27, 1903, but a preceding record entry on the same day recites that the cause was to be submitted to the chancellor at chambers upon completion of the depositions in the case. The decree immediately follows this entry, and recites that the cause came on for hearing "on complaint and answer and cross-bill of the defendant duly verified and the exhibits to said answer and cross-bill, there being no evidence submitted by either party, and the court being fully advised," etc. The record entry of the decree bears the signature of the chancellor, and the indorsement, "Recorded October 21, 1903," signed by the clerk, and it is urged that this indorsement negatives the fact that the decree was pronounced and entered at the July term on July 27, 1903. Following the decision in *Lyon* v. *Bass, supra,* we hold that the certificate of the clerk to the effect that the decree was rendered on a certain day at the July term must prevail against the above-named indorsement. The fact that the clerk failed to enter the decree upon the records of the court until a subsequent

day, even beyond the term, did not affect its validity. This indorsement shows no more than that the clerk entered the decree on the day named.

Moreover, even if the decree was rendered on October 21, 1903, it is not shown that the court was not in session on that day by adjournment over from a former day of the term. In the face of a certificate of the clerk that it is the decree of the court, we must presume in favor of the regularity of its rendition and entry. *Lyon* v. *Bass, supra*; *Arkadelphia Lumber Co.* v. *Asman, 72* Ark. 320.

Decree affirmed.