JACKSON v. BECKTOLD PRINTING & BOOK MANUFACTURING
COMPANY.

Opinion delivered January 30, 1911.

1. BILL OF REVIEW—NEW MATTER.—Where a bill of review is for newly
discovered matter, the rule is that the matter must be such as could
not have been discovered, by the use of reasonable diligence. (Page
417.)

2. SAME—LACHES.—As the granting of leave to file a bill or review for
newly discovered evidence is discretionary, such leave should be
refused when the party has failed to act within a reasonable time
after discovery of the new matter, although there has been no other
change in the situation of the parties to the decree. (Page 419.)

Appeal from Clay Chancery Court; *Edward D. Robertson,*
Chancellor; affirmed.

*W. W. Bandy,* for appellants.

1.    There is no positive statutory bar against bills of review
on the ground of newly discovered evidence.    33 Ark. 161; 20
Ark. 359, 377.    Laches is a defense only when an unreasonable
time has elapsed after knowledge of the facts depended upon
for relief has been obtained by the complainant before action is
taken to obtain the relief.    As to laches, see 52 N. J. Eq. 535.

2.    It is true that the allowing of a bill of review for newly
discovered evidence rests in the sound discretion of the court.
Puterbaugh's Pleading and Practice, § 254; Story's Eq. Pl., §
417; 18 Ill. 511.    And leave must be obtained of the court to
file the bill; but in this case the application was filed, and treated
by the court as the bill itself.    The bill being filed, it was error
to sustain a demurrer to it.    Puterbaugh's Pl. and Pr., § 263.

*Lafayette Hunter,* for appellee.

1.    To authorize a bill of review for new matter, it is re-
quired to be "new matter of evidence which hath come to light
after the decree and could not possibly be had or used at the time
when the decree was passed."    26 Ark. 600; 47 Ark. 17; 55 Ark.
22; 60 Ark. 453-458; 114 Ala. 551; 45 N. J. Eq. 41; 93 Ill. App.
357; 136 Fed. 378; 48 W. Va. 453; Story's Eq. Pl., § 404;
Daniell, Ch. Pr. (6 Am. ed) 1580.

2.    More than twelve years having elapsed after the ren-
dition of the decree sought to be reviewed before this bill of

review was filed, appellant's laches is such as to bar consideration of their bill. 86 Ark. 591; 33 Ark. 161; 39 Fed. 680; 135 U. S. 207; 10 Wheat. (U. S.) 146.

3. It appearing on the face of the bill that the alleged newly discovered evidence was known, or could have been known by appellants prior to the original decree, and that appellants had been guilty of gross laches in their delaying filing the bill of review, demurrer to the bill was proper. Story, Eq. Pl. (10 ed.) 484, 603, note (*a*); 25 R. I. 77; 136 Fed. 378; 68 Ill. App. 539; 3 Enc. Pl. and Pr. 596; 12 *Id.* 832.

McCULLOCH, C. J. In the year 1895 Mrs. Fannie C. Jackson, the mother of appellants, owned certain lands in Clay County, Arkansas, and executed to W. S. Bryan a mortgage thereon to secure a debt said to be due him. In the same year Bryan assigned the debt and mortgage to appellee, Becktold Printing & Book Manufacturing Company, a corporation of St. Louis, Missouri, in payment or security of a debt of his to the latter. In 1896 said appellee instituted against Fannie C. Jackson an action in the circuit court of Clay County, in chancery, to foreclose said mortgage, and, on the death of said Fannie C. Jackson during the pendency of said action, the same was revived in the name of appellants as her heirs at law. Counsel was employed to defend for appellants, and the case was contested, the issue being whether or not there was any mortgage debt. The court in January, 1897, rendered a final decree foreclosing the mortgage for the sum of $5,525 found to be due, the lands were sold by the court's commissioner and purchased by said appellee.

Bryan's deposition was taken by the plaintiff in that suit, and he testified as to an indebtedness of Fannie C. Jackson to him in the sum of six thousand dollars, but he was not cross examined, the defendants not being present at the examination either in person or by attorney, though having been duly notified.

Bryan was present at the trial of the case before the chancellor in January, 1897, and testified orally, in addition to his said deposition being read. This time he was rigidly cross examined by appellant's attorney. He again stated in this testimony that Fannie C. Jackson was indebted to him under the mortgage in about the sum named above, and in the course of his cross examination it was developed that he kept an account in his

book, which was then in St. Louis, showing the item of his account with Fannie C. Jackson.   He promised to reduce his testimony to writing and file same in the case, and to produce the book showing said account, but failed to do either.   The chancellor rendered his decree, without said oral testimony being reduced to writing or said book being produced, and no objection thereto was made by appellant.   No further steps were taken to require Bryan to produce his books.

In August, 1902, appellants instituted proceedings in the chancery court of Clay County to set aside said foreclosure decree on the alleged ground that it was rendered in vacation. The chancery court refused to set aside the decree, and on appeal this court affirmed the decision of the chancellor. *Jackson* v. *Becktold Printing & Book Manufacturing Co.*, 86 Ark. 591.

In the progress of that proceeding appellants took Bryan's deposition and caused him to produce his books, and they now claim and allege that Bryan swore falsely in the foreclosure suit, and that they can prove by his testimony and by said books that Fannie C. Jackson was not indebted to him when the mortgage was assigned to appellee.

They filed a bill of review on March 25, 1909, on the ground of the alleged newly discovered evidence, asking that the foreclosure decree be reversed and set aside.   The bill was filed in the office of the chancery clerk, without first obtaining leave of the court, and subsequently appellee appeared and objected, by demurrer, to the petition for leave to file the bill.   The court sustained the demurrer and dismissed the petition.

The principles which must control in the determination of this case were fully stated in a recent opinion of this court as follows: "It is the policy of the law that a decree solemnly entered should not be set aside or modified except for cogent reasons.   The issues that are presented in a suit should be fully developed by the testimony, and it is presumed when a cause is finally submitted for determination and decree that the parties have adduced all evidence of which they had knowledge or which they could have known by the exercise of diligence.   Therefore it has been uniformly held that the new matter for which a bill of review will lie must be such as was not known to the petitioner or his attorney in time to be used in the suit, or could not have

been known by the exercise of reasonable diligence." *Smith* v. *Rucker,* 95 Ark. 517.

The court, in the case of *Bartlett* v. *Gregory,* 60 Ark. 453, had this to say on the same subject: "Where a bill of review is for newly discovered matter, the rule now is that the matter must be such as could not have been discovered by the use of reasonable diligence, for, if there be any laches or negligence in this respect, that destroys the title to the relief."

The same ground is covered by the Supreme Court of Alabama in the case of *Adler* v. *Van Kirk Land & Construction Co..* 114 Ala. 551, as follows:

"The doctrine is now too well settled to admit of controversy, and is upheld by a sound and conservative public policy, that to maintain a bill of review upon newly discovered evidence, the matter must not only be new, that is ascertained or discovered after the court had passed its decree, but it must also affirmatively appear, by appropriate averments and by proof, that the party complaining by the use of reasonable diligence could not have, prior to the decree, ascertained or discovered it. If such matter was known to him before decree entered, and he failed to avail himself of it, or if unknown but by the exercise of proper diligence he could have known it, the court will not afford him relief. A wrong may have been inflicted rather than a right enforced by the decree; yet, according to the uniformly declared policy of the court, it is better that such wrong should go unredressed than that the solemn decree of the court should be set aside at the suit of the party who having had his day in court failed, by reason of his own negligence or laches, to timely present the matter of his defense for adjudication. Diligence in this respect is of the essence of the equity of the bill; laches or negligence is as fatal to relief as the actual absence of a matter of defense."

Now, appellants base their right to a review of the former case on the ground that the witness Bryan testified falsely, and that the account book, which he failed to produce according to his promise, will sustain the contention of appellants that Mrs. Jackson owed nothing on the mortgage debt. They were represented by counsel in the former trial of the case, and had opportunity and did on cross examination of the witness fully

test his knowledge and credibility. The fact alone that the witness may have testified falsely does not establish appellant's right to a review. They could have had produced the account book which they now say establishes their case, and, instead of insisting on the production of the book, they took chances on what the chancellor's decree might be without it, and they must abide the result. Litigants cannot be permitted to experiment with the courts in any such way, but must diligently follow out all of their opportunities before they can be heard again on newly discovered evidence. The discovery, after decree, of evidence which could by reasonable diligence have been discovered before its rendition is not sufficient to justify a review.

Counsel for appellants also insist that no lapse of time should bar a review where there has been no other change in the situation of the parties to the decree. The authorities do not sustain that contention. Granting leave to file a bill of review is a matter resting in the sound discretion of the chancellor. *State Fair Association* v. *Terry,* 74 Ark. 149; 2 Beach, Equity Prac., § 867; Story's Equity Pleadings, § 417.

Lapse of time is very material when it comes to the exercise of discretion, and it is only when the party has proceeded within a reasonable time after the discovery of new evidence that a court of equity in the exercise of its discretion should permit a review. That much is due to the solemnity of a decree which the parties have the right to treat as a final adjudication of that rights involved. In no other case is the rule more applicable that equity rewards only the diligent. The granting of permission being a matter of discretion, it should be refused when the party has failed to act within a reasonable time after discovery of the new matter. Story's Pleading, § 419; *Central Trust Co.* v. *Locomotive Works,* 135 U. S. 207.

In this case the parties have waited nearly seven years after they discovered the new evidence. They made the discovery, too, while prosecuting an effort to set aside the decree on other grounds.

We conclude that the chancellor was correct in refusing to hear the petition for review, and his decree is therefore affirmed.