## Long *v.* Long.

### Opinion delivered July 15, 1912.

1. EQUITY—PLEADING.—A bill which seeks to review a former decree of the chancery court and also to annul the former decree on the ground of fraud is permissible, as the relief in either view would be the same. (Page 567.)

2. SAME—BILL OF REVIEW—LEAVE OF COURT.—In order to file a bill of review for newly discovered evidence, it is necessary first to obtain leave of the court in which the decree was rendered; but it is not necessary to obtain such leave where the bill is founded on errors of law apparent on the face of the record. (Page 567.)

3. APPEAL AND ERROR—HARMLESS ERROR—STRIKING PLEADING.—Error in sustaining a motion to strike a bill of review from the files is harmless where a demurrer thereto was properly sustained. (Page 568.)

4. EQUITY—BILL OF REVIEW—SCOPE OF INQUIRY.—Where a former decree is attacked upon the ground that errors of law are apparent in the face of the record, the court is confined to the pleadings, proceedings and decree in the case in which the decree was rendered, and can not look into the evidence to see whether the decree is based upon a correct finding of facts. (Page 568.)

5. CANCELLATION OF INSTRUMENT—FAILURE OF CONSIDERATION.—Where land was conveyed in consideration of future support, the grantor may maintain an action to cancel such deed upon the ground of fraud evidenced by misrepresentation and failure of consideration; and such right of action upon her death descended to her heirs. (Page 568.)

6. EQUITY—BILLS OF REVIEW—NEW EVIDENCE.—In a bill of review for newly discovered evidence, it must be alleged and proved that the new matter was not known to the petitioner or his attorney at or before the submission of the case for final adjudication, and could not have been known by the exercise of reasonable diligence.   (Page 568.)

7. JUDGMENT—FRAUD IN PROCUREMENT—EVIDENCE.—Evidence tending merely to prove that plaintiff's attorney was negligent in attending to a previous lawsuit in which plaintiff was defendant is insufficient to establish an allegation of fraud.   (Page 570.)

8. APPEAL AND ERROR—REVIEW—MATTERS IN ISSUE.—Appellant is not entitled to assert that a former decree which he seeks to set aside was rendered in vacation where no such issue was raised by the pleadings. (Page 572.)

9. CANCELLATION OF INSTRUMENT—RELIEF GRANTED.—Where one of the heirs of a person, since deceased,procured a deed from her for a fraudulent consideration, a decree in favor of the other heirs canceling such deed for fraud was not erroneous in ordering that the grantor's heirs, who are cotenants with the grantee, have a writ of possession, they being entitled to possession in common with the grantee.   (Page 572.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*W. A. Carpenter,* for appellant.

1.   This case, in the fact that appellant's answer was ignored and decree rendered without giving him time to produce his proof, is similar to that of *Silver* v. *Luck,* 48 Ark. 268, wherein the court said: "No valid judgment could be given against him until the issue raised by the answer had been in some way disposed of."

2.   A decree rendered in vacation is not only voidable, but is an absolute nullity.   71 Ark. 226; 75 Ark, 415.

3.   For errors apparent in the decree and record, a bill of review may be filed without first obtaining leave.   59 Ark. 441; 26 Ark. 603.

4.   When the complaint or bill is filed, the prayer of which at the conclusion is "for all other and proper relief, etc.," and, without answer or other pleading on the part of the defendant, both parties proceed to take all the proof in the case, the complaint or bill will be treated as amended to conform to the proof, and the complainant will be given all the relief that the proof shows he is entitled to. 65 Ark. 422; 98 Ark. 312-318; 32 Ark. 755.

*Rasco & Botts*, for appellee.

1. In this proceeding the court will not examine the evidence on which the original decree was rendered. 59 Ark. 445; 16 Cyc. 528.

2. Appellant's contention that the court erred in awarding a writ of possession was not made in the lower court, and he will not be permitted to raise that question here. 64 Ark. 305; 46 Ark. 97.

3. Neither in appellant's bill nor in his amendment thereto does he allege that the decree was rendered in vacation. On the contrary, he specifically alleges in his bill of review that he comes ''asking that the decree rendered herein at the September term, 1910, be cancelled, etc.''

The clerk's certificate to the record is sufficient to show that it was rendered in term time, and all presumptions will be indulged in favor of its regularity. 77 Ark. 303; 76 Ark. 534; 89 Ark. 85; 88 Ark. 318; 16 Cyc. 533; 97 Ark. 80.

4. A complaint will not be treated as amended to conform to the proof where the case was not so treated in the lower court. 96 Ark. 504.

5. A notation on the margin of the record purporting to have been placed there by the clerk and a statement for attorney's lien purporting to have been filed long after the decree was rendered and placed of record will not overturn the presumption of verity in the decree when it purports to have been rendered at the regular term. Appellant will not be permitted to assume inconsistent positions. 63 Ark. 281; 64 Ark. 254.

6. The bill of review and the amendment thereto, although incorporated in the transcript, are not properly before this court for consideration. Papers stricken from the files will not be considered on appeal unless they are brought into the record by bill of exceptions. 30 Ark. 684; 5 Ark. 167; *Id.* 179; *Id.* 223; 36 Ark. 484; 2 Cyc. 1059; *Id.* 1060, note 2; 3 Cyc. 159; 27 S. W. 637.

7. Appellant should have obtained leave to file his bill of review. 95 Ark. 518. His petition should have been verified by affidavit. 16 Cyc. 526; *Id.* 526; 69 L. R. A. 397. New matter for which a bill of review will lie must be such as was not known to the petitioner or his attorney in time to be used

in the suit, or could not have been known by the exercise of reasonable diligence. 95 Ark. 521; 74 Ark. 149.

FRAUENTHAL, J. This was originally an action in the nature of a bill of review, seeking to annul a decree rendered at a former term of the same court for errors of law appearing in the record and for newly discovered evidence. Subsequently an amendment was filed to the bill seeking to annul the decree on the ground of fraud. The bill was filed by Henry Long against the heirs at law of Lucretia Long. The court in effect sustained a demurrer to the bill and the amendment thereto, and ordered same stricken from the files, and dismissed the case.

In August, 1906, Lucretia Long instituted a suit in the Arkansas Chancery Court against Henry Long, her son, seeking to set aside and cancel a deed executed by her to him in 1902. In her complaint she alleged that she was old and infirm, and not mentally capable of making the contract conveying the land to her son; that, through the undue influence and false representations of her said son, she was induced to sign the deed; that it expressed a consideration of $600, when in fact there was no consideration; that her son promised to support and maintain her during her life, but within a few months after the execution of the deed she was forced to leave his home, and that he failed and refused to maintain and support her. The complaint in detail made allegations that the deed was obtained without consideration and by the fraud and false representations of her said son.

To this complaint an answer was filed by Henry Long, and soon thereafter the deposition of Lucretia Long and other witnesses were taken on the part of the plaintiff in that suit. The defendant employed as his attorneys in that suit Messrs. Coleman & Menard, a firm composed of H. Coleman and L. K. Menard. They filed his answer, and were present and cross examined the witnesses whose depositions were taken by the plaintiff. Thereafter, and during the pendency of said suit, said Lucretia Long died, and the cause was duly revived in the name of her heirs as parties plaintiff.

At the regular September term, 1910, of said chancery court, the case was called for trial, and was submitted for final adjudication. The court entered a decree in which it made

and recited certain findings of fact sustaining the allegations of said complaint, and thereupon adjudged and decreed a cancellation of said deed.

In May, 1911, the present plaintiff, Henry Long, filed this bill of review in which he alleged that the above decree was rendered at the September term, 1910, of said court, and asked that it be set aside and cancelled. The grounds therein alleged upon which he sought this relief are that no testimony had been taken in his behalf in that case; that he had employed said Coleman & Menard to make a defense for him immediately after the institution of the said suit by Lucretia Long, and that one of them, Mr. Coleman, died in August, 1910, and that his other attorney, Mr. Menard, had not notified him that he should produce witnesses or take his testimony in the case. He alleged that he could prove by himself and other witnesses facts sustaining his defense to said suit; that the consideration of the deed was his agreement to support and maintain his said mother during her life, and that he fully complied with that agreement until she left his home without any fault on his part, and against his protest; and that he did not obtain the deed by fraud or misrepresentation.

At the September term, 1911, of said court, the defendant filed a motion to strike the bill of review from the files on the ground that permission of the court had not been first obtained to file same. Without any action being taken by the court upon this motion, the cause went over to the following February term of said court. In the meanwhile, the plaintiff and defendants herein took testimony by depositions, developing the issues made by said bill on both sides. At the February term, 1912, of said court, the plaintiff filed an amendment to his bill, in which he alleged that said attorney. L. K. Menard, did not notify him that plaintiffs had closed their testimony in said case, and that, if he had told him of the taking of said depositions or the closing of said testimony, he would then and there have produced his proof in said cause. He also alleged that his said attorney allowed the case to be submitted upon plaintiff's testimony without making defense thereto; that he appeared at the submission of the case asking and obtained the allowance of an attorney's fee and a lien for its enforcement.

Thereupon, the court passed upon said motion to strike

said bill from the files, and the demurrer to said bill and amendment thereto. In its decree it is recited that, after reading the pleadings and being advised, it found that no leave to file said bill of review or amendment to the bill of review was asked or obtained of the court; that there is no error of law appearing upon the face of the record, and that there was no newly discovered evidence which was not known to the plaintiff at the time of the former trial, and that there was no fraud practiced in rendering said decree. It thereupon ordered that the motion to strike and the demurrer should be sustained, and that the bill and amendment thereto be stricken from the files and dismissed.

The bill of complaint as originally filed herein was a bill to review the former decree of the chancery court; and it was subsequently amended so as to make it also an original bill seeking to annul the former decree on the ground of fraud. In the case of *Webster* v. *Diamond,* 36 Ark. 532, it was held that "such compound bills are permissible in equity practice where the relief sought would in each view be the same, and the chancellor may mould the relief according to the proof." We will, therefore, consider the bill in both of these aspects, as a bill of review and one seeking to annul the former decree on the ground of fraud.

As a bill of review, it was sought to annul the former decree for errors apparent on the record, and also for newly discovered evidence. In order to file a bill of review based on newly discovered evidence, it is necessary to first obtain leave of the court in which the decree was rendered. But it is not necessary to obtain such leave of the court where the bill of review is founded on errors of law apparent on the face of the record. *Cornish* v. *Keese,* 21 Ark. 528; *White* v. *Holman,* 32 Ark. 753; *Wood* v. *Wood,* 59 Ark. 441.

In this case, the bill was based on both grounds. While the court sustained the motion to strike it from the files, it also sustained the demurrer to the bill. Therefore, it in effect held that the bill failed to state facts entitling the plaintiff to the relief asked for therein. If the ruling of the court on said demurrer is correct, the action of the court in also sustaining the motion to strike could not be prejudicial; because the

court did actually consider the bill and act thereon, and thus in effect gave leave to its filing.

Where a former decree is attacked upon the ground that errors of law are apparent on the face of the record, the court is confined to the pleadings, proceedings and decree in the case in which the decree was rendered. It can not look into the evidence to see whether or not the decree is based on a correct finding of facts. If the allegations of the complaint are sufficient to state a cause of action, and the decree shows that these allegations are sustained, and that the relief in conformity therewith was granted, then no error appears upon the face of the record warranting an annulment of such decree.

In the complaint filed by Lucretia Long sufficient allegations were made showing a cause of action for the cancellation of said deed upon the ground of fraud and want of consideration. The decree rendered thereon recited that these allegations were sustained by the evidence, and thereupon adjudged a cancellation of the deed in conformity with such finding.

In the case of *Priest* v. *Murphy*, 103 Ark. 464, it was held that a grantor who conveyed his land in consideration of future support could maintain an action to cancel said deed upon the ground of fraud, evidenced by misrepresentation and failure of consideration, and that such right descended to his heirs. It follows that Lucretia Long had the right to ask a cancellation of the deed executed by her to Henry Long upon the allegations set forth in her complaint; and upon her death her heirs succeeded to her rights and could subsequently prosecute such action. There was no error of law, therefore, apparent on the record, justifying a review and an annulment of said decree.

In a bill of review based on the ground of newly discovered evidence, it must be alleged that the new matter was not known to the petitioner or his attorney, at or before the submission of the case for final adjudication, and could not by them have been known or discovered by the exercise of reasonable diligence; and to sustain such bill proof of such allegations must be made. If such allegations are not made in the bill, it is subject to demurrer. *Smith* v. *Rucker*, 95 Ark. 517; *Terry* v. *Logue*, 97 Ark. 314; *Jackson* v. *Becktold Ptg. & Book Mfg. Co.*, 97 Ark. 415.

Evidence, to be newly discovered, must have been discovered since the trial and decree, and for that reason could not have been introduced at the trial. In the bill of review filed in this case, there is no allegation that there was any evidence discovered since the decree or which was not known to the petitioner or his attorney prior to its rendition. On the contrary, the evidence which the plaintiff claims was not adduced at said trial, and which he desired to present, was the testimony of himself and other witnesses to support the allegations and denials made in his answer to the suit of Lucretia Long. All these matters he knew at the time his answer was filed in that case, and therefore long prior to the trial and the rendition of the decree therein. It was therefore not such newly discovered evidence as would warrant an annulment of the former decree. The court did not err in sustaining the demurrer to the pleading, considered as a bill of review.

In his amendment to the bill, the plaintiff sought to vacate the decree on the ground of fraud, and we will now consider whether or not the allegations therein made are sufficient to constitute fraud entitling the plaintiff to an annulment of said decree.

In this amendment there is no charge or allegation made that the plaintiffs in that suit or their attorneys perpetrated any fraud in the procurement of the decree. The charge of the alleged fraud is only made against the attorney of Henry Long in that case. The question, then, is whether or not the allegations made in the present complaint are sufficient to charge a fraudulent design upon the part of said attorney, or any collusion on his part with the plaintiffs or their attorney in that suit in the procurement of said decree. Carelessness or negligence on the part of his attorney, or incompetency on his part, is not sufficient to warrant relief from a court of equity to a party against whom an adverse decree has been rendered.

In the case of *Burton* v. *Hynson*, 14 Ark. 32, a bill was filed in the chancery court to set aside a judgment upon the ground, amongst others, of the misconduct of the attorney of the party against whom said judgment was rendered. In passing upon said case, the court said: "The excuse for coming into chancery is that the complainant's attorneys who conducted his defense to the original suit at law in the circuit court,

either through ignorance or design, managed the case unskilfully. There would be no end of litigation and no security in the due enforcement of contracts if the solemn judgment of a court of competent jurisdiction could be set aside, or the successful party restrained from executing it, upon grounds which do not imply any fault in the party obtaining the judgment, nor any error of the court in rendering it." See also *Jamison* v. *May*, 13 Ark. 600; *Scroggin* v. *Hammett Grocery Co.* 66 Ark. 183; *Blackstad Merc. Co.* v. *Bond, ante* p. 45.

The mere fact that the attorney of the complaining party was remiss in his conduct of the case, or erroneously advised his client that certain evidence was not needed, or not needed at any particular date in the progress of the case, is not sufficient to show fraud upon the part of said attorney towards the procurement of a judgment or decree. There must be incriminating circumstances showing a fraudulent design on the part of such attorney to defeat his client in his rights by some wilful act of omission or commission. The negligent failure either to take testimony or to notify his client to produce his testimony is not sufficient. For such negligence it may be that the client may have an action against his attorney, but he can not on that ground defeat the adverse party of his right to the judgment or decree rendered.

In the case of *Corney* v. *Corney*, 97 Ark. 117, a suit was instituted to annul a decree of divorce upon the ground, amongst others, that counsel for the defendant had not taken testimony in her defense. In that case the court, quoting approvingly from the brief of appellee's counsel, said: "Learned counsel for appellee concedes that ordinary negligence on the part of an attorney is, as a general rule, imputable to his client. He wisely adds that this is a salutary rule, as otherwise shiftless attorneys would be at a premium as counsel for defense, and there would be no end of litigation." In that case it was held that the failure of the attorney to take the testimony on the part of his client, without other incriminating circumstances, establishes only negligence in failing to properly prosecute her defense. "Nor does the failure of her counsel to notify her of the day of trial furnish proof of any greater degree of culpability than negligence." And it was held that these acts were acts of negligence, and not sufficient ground to set aside

a decree fairly obtained by the other party to the controversy.

The allegations in the amendment to the bill of review only show that petitioner's attorney in the case in which the former decree was rendered did not notify him that the plaintiff in that case had closed his testimony, and that if this had been done he would have produced his evidence; that the case was submitted without his defense being properly presented. He also alleged that his attorney appeared to secure a lien for his fee; and this is the extent of the specific allegations of any fraudulent design or collusion on the part of his attorney in the conduct of the case in which said decree was rendered. Testimony was taken in the present case before the convening of the term of the court in which the demurrer to this bill was sustained, and some of this testimony relates to the action of the petitioner's attorney in the conduct of said case. If we shall consider that testimony, and then consider the pleadings as amended to conform to any proof therein made, we are unable to find any fraudulent design on the part of·petitioner's attorney or any fraudulent act done by him in the conduct of that suit. He testified that he wrote as many as four letters to the petitioner notifying him to produce his witnesses so that their depositions could be taken, and that he made efforts to communicate with him for that purpose. These letters were enclosed in envelopes with return address thereon, and he testified that none of them was ever returned to him. Some of these letters were introduced by the petitioner in evidence, in the present case, showing that he did receive them. He claimed, however, that he received these letters after the former decree was entered; that they had been addressed to the wrong postoffice, though near where he lived, and on this account he did not get them earlier. However this may be, the evidence shows that action was taken by his attorney to communicate with him and to notify him of the necessity to take testimony. These letters were dated, and this attorney testified that they were written and mailed some time before the rendition of the decree. Even if the attorney was negligent in not making more effective efforts to communicate with his client, it can not be said from this testimony that in the conduct of the case he did any fraudulent act or that there was any fraudulent design upon his part to assist

the plaintiff in that cause to procure the decree which was rendered. The evidence, we think, fails to show any fraudulent design or collusive conduct on the part of the attorney towards the procurement of said decree in favor of the plaintiffs in that suit. The testimony rather shows, we think, that he protested against the action of the court in forcing the trial of the case, and opposed the rendition of the decree in favor of the plaintiffs in that case. The court, therefore, did not err in sustaining the demurrer to the amendment to the bill, even if it should be deemed amended to conform to the proof which was made.

Counsel for petitioner also urges in his brief that the former decree was rendered during the vacation of the court, and for that reason is invalid and should be vacated; but no such allegation is made in the bill or amendment to the bill. On the contrary, the bill alleges that said decree was ''rendered at the September term of the court, 1910.'' This was a regular term of that court as fixed by law, and there is no allegation that the decree was rendered in the vacation of the court. In the depositions which were taken there is some testimony indicating that the case was heard by the chancellor in vacation; but the record which the clerk certifies as correct shows that the court convened at its regular session on September 26, 1910, and that this decree was rendered on September 28, 1910, a regular day of that term. We do not think that the matters shown in the testimony are sufficient to overturn this solemn record and the certificate thereof. *Lyon* v. *Bass,* 76 Ark. 534; *Williams* v. *Ritchie,* 77 Ark. 303.

We do not deem it necessary to set out this testimony, for the reason that no allegation was made in the pleadings that the decree was rendered during the vacation of the court, and such an issue was therefore not made. If such an issue had been made, the testimony relative thereto might have been more fully developed and any contrary circumstances explained.

It is also urged that the former decree is erroneous on its face because it is therein ordered that ''plaintiff or her heirs have a writ of possession for said land.'' It is claimed that the effect of this order is to entirely oust the defendant in that case, and the petitioner here, and to deny to him any right in the possession of the land. This is not the correct view of this portion of the decree. The suit in that case was

instituted by Lucretia Long, seeking to cancel the deed executed by her.   Upon the cancellation of the deed, the land reverted to her, and on her death it descended to her heirs as tenants in common, one of whom was the defendant in that case and the petitioner here.   Lucretia Long died during the pendency of the suit, and it was revived in the name of her heirs.   The effect and plain meaning of the order granting the writ of possession is to award same to the heirs of Lucretia Long as tenants in common.   It can not, and does not, deprive the defendant there, and petitioner here, of any right of possession or interest in the land as a tenant in common.   It simply denies to any one of the tenants in common the right to oust the others or to do any act amounting to a total denial of their rights as such tenants in common; and awards to all the heirs of Lucretia Long, one of whom is the petitioner, the right *of possession as tenants in common of the land.   Kirby's Digest, § 2746.

Finding no error in the rulings made by the court, this decree is affirmed.