BYRKETT *v.* GRAND LODGE INDEPENDENT ORDER OF ODD
FELLOWS.

## Opinion delivered December 17, 1917.

1. BILL OF REVIEW—HOW FILED.—It is not necessary to obtain leave
   of the court to file a bill of review founded on errors of law ap-
   parent on the face of the record, but it is necessary to first ob-
   tain leave of the court, before filing a bill of review based on
   newly discovered evidence.

2. BILL OF REVIEW—AGREEMENT OF THE PARTIES.—Where a decree
   is rendered in accordance with an agreement of the parties, a
   bill of review can not be filed by one of them, without the con-
   sent of the court, on the ground that her attorney, in making the
   agreement, exceeded his authority.

Appeal from Lawrence Chancery Court, Eastern
District; *Geo. T. Humphries,* Chancellor; affirmed.

*W. P. Smith, Gustave Jones* and *Jno. W. Newman,*
for appellant.

No leave of court was neccessary. The bill of re-
view is founded on errors of law apparent on the face
of the record. 104 Ark. 562-7; 59 *Id.* 441; 74 *Id.* 149;
97 *Id.* 415.

*S. D. Campbell, Fred Suits, H. L. Ponder* and *G. M.
Gibson,* for appellees.

The bill was properly dismissed. It was filed with-
out leave of court and was based entirely upon newly
discovered evidence. 33 Ark. 153; 36 *Id.* 532; 55 *Id.* 25;
74 *Id.* 149; 95 *Id.* 517; 97 *Id.* 314; 104 *Id.* 562. See also,
17 Ark. 57.

McCULLOCH, C. J. Appellant Fairbelle Byrkett
was the widow of A. W. Shirey, who died in Lawrence
County, Arkansas, in the year 1910, and this appeal is
from an order of the chancery court of Lawrence County
striking out a bill of review filed by her attacking the
correctness of a consent decree of that court rendered in
the year 1910 dividing the property of said Shirey. It
appears from the allegations of the bill of review filed
by appellant that Shirey left a will whereby he be-
queathed and devised all of his property to the Grand

Lodge of Independent Order of Odd Fellows, but the will was contested by the heirs of Shirey, and appellant elected to take her dower as widow; that after the filing of the contest of the will the widow and the heirs, and the Grand Lodge of Odd Fellows entered into a compromise written agreement whereby appellant as widow should take forty per centum of the gross value of the estate, each of the two heirs ten per centum, and the Grand Lodge of Odd Fellows forty per centum, after payment of debts; that in order to carry out the contract a joint suit was filed in the chancery court for the division of the property and that appellant's attorneys, whom she had previously employed, assumed the authority to enter into a new contract changing the terms of the old contract so that appellant was to get only forty per centum of the net value of the estate after payment of debts. Appellant alleged in the bill of review that she had not authorized her attorneys to change the contract, and that she was sick and unable to attend the session of the chancery court at which the final decree was entered by consent of all parties dividing the estate in accordance with the provisions of the last contract. The bill of review was stricken out on the ground that it had been filed without permission of the court.

It is settled by the decisions of this court that it is not necessary to obtain leave of the court to file a bill of review founded on errors of law apparent on the face of the record, but that it is necessary to first obtain leave of the court before filing a bill of review based on newly discovered evidence. *Long* v. *Long,* 104 Ark. 562. Counsel for appellant contend that the present proceedings fall within the first rule, and set forth error in the proceedings, apparent on the face of the record. We do not think that counsel are accurate in their analysis of the charge set forth in the bill, for the statement does not make out a charge of error on the face of the record. The two contracts and the decree of the court, with all of its recitals as to appearances of the parties is set

forth in the bill of review, but the substance of the charge is that the attorneys exceeded their authority in entering into the new contract and in consenting to the new decree, and that appellant was sick and unable to attend the session of the court. This in effect is an allegation of additional evidence to show the lack of authority on the part of the attorneys and the inability of appellant to attend the trial to protect her rights. From the facts recited in the record iself, the court could not. have entered any other decree than the one it did render dividing the property in accordance with the terms of the agreement. The matters set forth in the bill of review merely tended to show that evidence could be adduced, if an opportunity was given, to show that the decree was erroneous because the attorneys had no authority to enter into a compromise agreement.

It is not contended that there was any abuse of the court's discretion in refusing to allow the bill of review to be filed; in fact, the present appeal is not from an order of the court refusing to grant permission to file a bill of review, but the appeal is to test the question of the right to file a bill of review without obtaining the court's consent.

Affirmed.