YELL vs. SNOW.

The principles decided in *Roane vs. Green & Wilson,* approved.

On demurrer the court will consider the sufficiency of the previous pleading.

The suit by petition in debt must be brought by the parties to whom the note was given, not by one of several payees, unless there be an assignment, which must be averred.

*Appeal from Jefferson Circuit Court.*

Hon. WM. M. HARRISON, Circuit Judge.

YELL for appellant.

RICE for appellee.

Mr. Chief Justice WALKER delivered the opinion of the court.

The plaintiff, Snow, filed in the Jefferson circuit court, the following petition:

"Your petitioner, William D. Snow, the plaintiff in this cause, states that he is the legal owner of a bond against H. P. Yell, as administrator of S. Gaster, dec., James Yell and H. P. Yell, (the

said James Yell being alone sued in this action) to the following effect: .

PINE BLUFF, ARK., January 23, 1863.

$1,000.

One year after date, we promise to pay Snow & Ketchum or order the sum of one thousand dollars (borrowed money,) with eight per cent. interest per annum thereon from date until paid. Witness our hands and seals.

> H. P. YELL,    [*Seal.*]
> as adm'r of S. Gaster, dec.
> JAMES YELL,    [*Seal.*]
> H. P. YELL,    [*Seal.*]

Yet the debt remains unpaid, therefore he demands judgment for his debt and damages for the detention thereof, together with his costs.

B. F. RICE, attorney for plaintiff.

To this petition the defendant, Yell, filed several special pleas, to which the plaintiff demurred. The demurrers were sustained by the court, and the defendant, electing to rest upon his demurrer, final judgment was rendered against him, from which he has appealed to this court.

The defence attempted to be set up in the pleas was the same as that interposed by *Julia Roane* in the case of *Green & Wilson* against her, decided at the last term of this court, and upon the authority of that decision, the pleas were fatally defective.

But the counsel for Yell contends that, conceding the pleas to be insufficient, yet as the petition was also insufficient, the court below should have given judgment upon the demurrer in favor of the defendant, upon the familiar rule that upon demurrer to the plea the court must look into the sufficiency of the declaration, and give judgment against the party who commits the first error.

Upon examination of the petition it will be seen that Snow, the plaintiff, claims to be the legal owner of a writing obligatory executed by the defendant and others to Snow & Ketchum. It

was to them, and not to William D. Snow individually, the defendant was bound to pay. It is a familiar rule that the action must be brought in the name of the party in whom the legal interest in the contract was vested, (1 *Ch. Pl. p.* 2,) which has been repeatedly recognized by this court, commencing with *Phillips vs. Brown,* 1 *Ark. R.,* 61; and in a late case, *Hardie vs. Mills,* 20 *Ark. R. p.* 154, the same state of pleading was presented as in this case. In that case, suit by petition was brought by Mills, upon a bond payable to Jackson & Mills. Upon demurrer the petition was held insufficient, because in Jackson & Mills were vested the legal title and right of action, and unless assigned to the plaintiff (which, if done, should have been averred) there was no right of action in Mills alone.

Fully recognizing the correctness of this decision, we must hold the petition for like reasons insufficient in this case; and upon demurrer to the defendant's pleas, the court should, under the state of the whole pleading, have rendered judgment for the defendant.

Let the judgment be reversed.