## KILLION v. KILLION.

### Opinion delivered February 20, 1911.

1. BILL OF REVIEW—REQUISITES.—A bill of review is an independent proceeding, whose object is to reverse or modify a decree rendered in a former case, and should specifically state the grounds upon which the relief is sought. (Page 16.)

2. SAME—NEW EVIDENCE.—Where a bill of review is based upon newly discovered evidence, it should state facts showing that this alleged new evidence is relevant and material to the issue involved in the original case and of such a character and cogency that might probably change the result. (Page 16.)

3. SAME—NECESSARY ALLEGATIONS.—A bill of review should set out, at least substantially, the former pleadings and decree, in addition to the other necessary allegations, in order to determine whether the alleged new evidence would call for a reversal of the decree sought to be reversed. (Page 16.)

4. SAME—DOES NOT LIE WHEN.—A bill of review or petition for new trial under Kirby's Digest, § 6220, based on newly discovered evidence, will not lie for new evidence which is merely cumulative, or which was known to the petitioner or could by reasonable diligence have been discovered by him before the rendition of the decree that is attacked; nor if the new evidence is not material and could not change the result. (Page 17.)

Appeal from Madison Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

Appellants *pro se.*

No brief filed for appellees.

FRAUENTHAL, J. This is an appeal from a decree sustaining a demurrer to a pleading which, under the liberal construction given to pleadings, we find to be a bill of review. The pleading is filed under the style of a cause in which a decree was rendered by the court at a former term, and the petitioners therein call themselves defendants and ask for a new trial of said original case. The pleading is, however, styled by the pleader as a "motion for a new trial and bill of review," and prays that the former decree be set aside. It seeks to reverse the former decree upon the ground of newly discovered evidence; and the bill sets forth only the evidence which it claims had been newly discovered and also some of the testimony that it alleges was heard at the trial of the case. But it does not set forth the complaint upon which the former case was based nor the answer or other pleading therein, nor the decree which it seeks to reverse; and it does not state facts which might be considered to allege these matters in a general way. It is impossible from the allegations of this pleading or bill to determine what was the issue involved in the former case and the judgment of the court thereon. We are unable to say therefore from the bill, after giving to the allegations therein the most liberal construction and taking into consideration every inference that is deducible therefrom, whether the evidence set out in the bill is material to the issue involved in the former case or whether it is of a nature that is newly discovered within the purview of the law. A bill of review is an independent proceeding, and is a complaint made by the party seeking the relief as the complainant. Its object is to reverse or modify a decree rendered in a former case, and it should specifically state the grounds upon which it is based. If it is based upon newly discovered evidence, it should state facts showing that this alleged new evidence is relevant and material to the issue involved in the original case and of such a character and cogency that it would change or at least probably change the result. The questions that are thus brought forward for determination upon a bill of review arise from the pleadings,

proceedings and decree in the former case, and it is essential, therefore, that the bill of review set out, at least substantially, the former pleadings and decree therein, in addition to the other necessary allegation. *Buffington* v. *Harvey,* 95 U. S. 99; 16 Cyc. 525. This is necessary in order to determine whether or not the evidence which it is alleged is newly discovered is of such a character as to entitle the party to the relief of reversing a decree solemnly entered. The bill for review will not lie where such new evidence is merely cumulative, or was known to the petitioner, or by reasonable dilegence could have been discovered by him before the rendition of the decree that is attacked; nor will it lie if such new. evidence is not in fact material to the issue that was decided by the former decree and could not change the result. *White* v. *Holman,* 32 Ark. 757; *Greer* v. *Turner,* 47 Ark. 17; *Bartlett* v. *Gregory,* 60 Ark. 453; *Smith* v. *Rucker,* 95 Ark. 517.

It is necessary, therefore, that a petition seeking to reverse or modify a decree rendered at a former term of the court should set out the above matters and should make such allegations as would show that the petitioner was entitled to the relief sought, whether the petition is a bill of review or a petition for a new trial provided for in section 6220 of Kirby's Digest. The pleading filed below seeking to reverse the former decree did not state facts sufficient to entitle the petitioners to this relief, and the court did not err in sustaining a demurrer thereto.

The decree is affirmed.