BOARD OF DIRECTORS OF CRAWFORD COUNTY LEVEE

DISTRICT *v.* DUNBAR.

Opinion delivered March 10, 1913.

1. PLEADINGS—DEMURRER TO ANSWER.—When defendant demurred to the complaint, and after the court overruled the demurrer, he answered, *Held,* where the issue is as to the validity of an amend-

ment to a statute, the grounds of the demurrer to the complaint were not waived by pleading over, and the demurrer to the answer reached back to the defective complaint. (Page 289.)

2.  LEVEE DISTRICT—DISMEMBERMENT—ANTICIPATED BENEFITS —Where a levee district is dismembered, or some lands excluded therefrom, the whole district is liable for expenses incurred in the formation of the district for the common benefit of all the property in the district as it originally existed, and all of said property is liable for such expenses in proportion to, and not in excess of, such anticipated benefits. (Page 290.)

3.  LEVEE DISTRICT—EXCLUDED TERRITORY — BENEFITS — DISCRETION OF LEGISLATURE.—It is within the discretion of the Legislature to determine that lands excluded from a levee district would be benefitted by the improvement, and charge said excluded territory with its pro rata share of the initial expenses incurred in forming the district. (Page 291.)

4.  LEVEE DISTRICT—EXCLUDED LANDS—BENEFITS—INCURRED EXPENSES.— A levee district was created by the General Assembly, and later plaintiff's lands were excluded therefrom, but by the excluding act the land excluded was charged with its *pro rata* share of the expenses of the formation of the district. *Held*, the provision of the Legislature for assessments on the excluded lands for incurred expenses, implied that some benefits would accrue to the excluded lands, from the improvement, commensurate with the expense incurred, and a statute is valid authorizing the assessment on the lands excluded from the district. (Page 291.)

Appeal from Crawford Chancery Court; *J. V. Bourland*, Chancellor; reversed.

*E. S. Matlock*, for appellant.

1.  The court erred in sustaining the demurrer. It is within the power of the Legislature to tax all lands in the original district to pay the initiatory expenses of said original district. 97 Ark. 322; 72 *Id.* 119; 81 *Id.* 562; 83 *Id.* 54; *Ib.* 344; 98 *Id.* 113.

2.  No issue can be raised in the courts as to notice of special legislation. 48 Ark. 570; 72 *Id.* 119; 75 *Id.* 120.

3.  The contention of appellee that it was the intention of the Legislature to let his lands out of the district because they would not be benefitted is not well taken. 76 Ark. 113.

*P. C. Barksdale* and *J. E. London,* for appellee.

1. It is the province of the court to declare a tax void when the Legislature exceeds the Constitutional limits of its powers. 101 U. S. 153; 43 Cal. 335; 13 Am. Rep. 143; 19 Kan. 584; 59 Mo. 415; 20 Wall. 655; 22 Fed. 54. Whether a particular object of taxation is public or private is a judicial and not a legislative function. 107 Fed. 827; 111 Mass. 454; 15 Am. Rep. 39; 32 Conn. 118; 86 Minn. 111; 20 Wall. 655.

2. Local burdens require local benefits. 57 Ark. 554; 45 Ala. 370; 105 U. S. 275; 103 *Id.* 562; 97 *Id.* 284; 57 Ark. 554. One locality can not be taxed for the benefit of another. 57 Ark. 554.

3. Only those who are benefitted can be taxed. Taxation must be equal and uniform. 41 Am. Dec. 333; Cooley on Torts, 344; 22 Ark. 526; 11 Allen (Mass.) 258; 25 Ark. 289; 30 *Id.* 31; 117 Ala. 303; 34 Cal. 433; 43 Mo. 479; 28 Oh. 311; 43 Tex. 508; 57 Ark. 554; 105 U. S. 275.

McCULLOCH, C. J. The General Assembly of 1909 enacted a special statute creating the Crawford County Levee District for the purpose of constructing a levee along the Arkansas river between given points. The boundaries of the district were prescribed in the statute. The validity of said statute was sustained by this court in the case of *Alexander* v. *Levee District,* 97 Ark. 322.

A stream known as Frog Bayou runs through the district from the north and flows into the Arkansas river.

At the session of 1911 the Legislature passed an act amending the act creating said district, by excluding therefrom all of the lands lying east of Frog bayou and by providing that the lands so excluded should be assessed to pay its proportionate part of the initial expense incurred in proceeding under the original act. The act contained the following provision with regard to such assessments:

"The total expense already incurred by and on account of said levee district for making the survey of same, maintaining offices and clerical force, and attorneys' fees, shall be bourne by the whole district as it

existed prior to the passage of this Act; that the territory hereby excluded from said district shall be liable for its *pro rata* part of said total expense, to be based on the direct proportion which the total property value of said excluded territory bears to the total property value of the whole district as it existed prior to the passage of this Act; same to be determined from the valuations as they appear upon the real estate assessment book of Crawford County for the year 1909; and that the amount for which said excluded territory shall be liable, as determined from said assessment book in accordance with the terms of this Act, shall be collected as provided by said Act amended hereby.''

Another section, concerning the levying of assessments for the purpose aforesaid, reads as follows:

''That for the purpose of raising money to pay for the survey and other initial expenses of the organization of the district heretofore mentioned, there be levied for the year 1910, upon all the lands in said district, as originally constituted, including these lands which are now taken out of said district, the sum of five per cent upon the value of said lands, as the same appears upon the assessment books of Crawford County for the year 1910, leaving all future levies to be made by the board of directors of the levee district, as provided in the Act creating the same. Said tax shall be certified by the county clerk of Crawford County, to the collector of the county, and the collector shall proceed to collect the same, whether the parties owning the same have paid their other taxes or not, and if said taxes for levee purposes aforesaid are not paid on or before the tenth day of April, 1911, the collection thereof shall be enforced as provided in the terms of said Act creating the said district.''

Appellee owned lands in the excluded territory and instituted this action in the chancery court of Crawford County attacking the validity of said amendatory statute and seeking to restrain the collection of assessments on his lands.

The court overruled a demurrer to the complaint and

sustained a demurrer to the answer. Appellant failing to plead further, the court rendered a final decree in appellee's favor, making the injunction perpetual.

If the amendatory statute is valid no cause of action is stated in the complaint, therefore the grounds of demurrer were not waived by pleading over. *Martin* v. *Royster,* 8 Ark. 74; *Frank* v. *Hedrick,* 18 Ark. 304. The demurrer to the answer reached back to the defective complaint. *Logan* v. *Moulder,* 1 Ark. 320; *Hynson* v. *Burton,* 5 Ark. 492; *Carlock* v. *Spencer,* 7 Ark. 12; *State* v. *Allis,* 18 Ark. 269; *Yell* v. *Snow,* 24 Ark. 554; *Smith* v. *Thornton,* 74 Ark. 572.

The ground for attack on the validity of the statute is that it is beyond the power of the Legislature to impose on lands excluded from the district the burden of taxation to pay the initial expense incurred by the district as originally organized.

It is not alleged in the complaint that the lands of appellee would not have received benefit from the construction of the levee as originally projected when the expense was incurred, before the statute was amended. The case does not come within the principles announced by this court in *Coffman* v. *St. Francis Levee District,* 83 Ark. 54. All that is alleged is that those lands will derive no benefit from construction of the levee under the statute as amended.

The question presented is very important and its solution may be far-reaching in effect.

It may be well, in the beginning, to express our approval of some of the sound principles advanced by counsel for appellee.

"Whether a particular object of taxation is public or private is a judicial and not a legislative function." *Dodge* v. *Mission Township,* 107 Fed. 827.

"If the expenditure is in its nature such as will justify taxation under any state of circumstances, it belongs to the Legislature exclusively to determine whether it shall be authorized in the particular case;    *    *    * on the other hand, if its nature is such as not to justify

taxation in any and all cases in which the Legislature might see fit to give authority therefor, no stress of circumstances affecting expediency, importance or general. desirableness of the measure * * * will supply the elements necessary to bring it within the scope of legislative power.'' *Lowell* v. *Boston,* 111 Mass. 454.

It must also be conceded that "special assessments for local improvements find their only justification in the peculiar and special benefits which such improvements bestow upon the particular property assessed. Any exaction in excess of the special benefit is, to the extent of such excess, a taking of property without compensation," and without due process of law. *Kirst* v. *Street Imp. Dist.,* 86 Ark. 1; *Alexander* v. *Levee District, supra.*

But it is not essential that the benefits be actually realized. Expenses must be incurred in advance of the enjoyment of benefits and assessments must necessarily be levied upon the basis of anticipated benefits. *Salmon* v. *Levee District,* 100 Ark. 366, 140 S. W. 585; *Ross* v. *Bd. of Supervisors,* 123 Iowa 427, 1 L. R. A. (N. S.) 431.

This being true, if the district be dissolved or dismembered, the Legislature may, in order to provide for payment of expenses incurred in initiating or forwarding the improvement, authorize assessments based on the benefits which were anticipated.

The case of *Ry.* v. *Pierce Co.,* 51 Wash, 12, 23 L. R. A. (N. S.) 286 supports that rule, though the decision goes further in some respects than we are willing to approve.

In case of dismemberment of the district or of exclusion of territory therefrom, the assessments must be limited so as to cover only expenses incurred for the common benefit of property in the territory originally embraced and must be in proportion to and not in excess of such anticipated benefits.

Whether authority to levy assessments may be separately conferred after the dissolution or dismemberment occurs, we need not decide, for that question does not arise in this case.

The Legislature, when it narrowed the bounds of the district so as to exclude part of the territory, determined that certain initial expenses had been incurred for the common benefit of all lands in the territory originally embraced and authorized assessments upon estimated benefits to pay those expenses. Those were matters within the legislative province. *Sudberry* v. *Graves,* 83 Ark. 344; *St. L. S. W. Ry. Co.* v. *Red River Levee District,* 81 Ark. 562; *Alexander* v. *Levee District, supra; Moore* v. *Levee District,* 98 Ark. 113; 135 S. W. 819.

In *Salmon* v. *Levee District, supra,* we said:

"The legislative branch of the government is, as we have said in several cases, the sole judge in the matter of creating improvement districts of this character, in establishing the boundaries thereof and in determining, or in providing means for determining, the amount of assessments based on benefits, and the courts will not interfere unless an arbitrary and manifest abuse of the power is shown. Mere mistakes of the lawmakers, or of those empowered by the lawmakers to make assessments, in fixing the amount or rate of assessment will not be reviewed and corrected by the courts."

It is said that the exclusion of territory from the district implies a determination that there were no anticipated benefits to the excluded lands. This is not correct, in the face of the provision made by the Legislature for assessments on those lands to pay incurred expenses, which necessarily implies a determination that benefits would have accrued to the excluded lands commensurate with the expenses incurred.

The function of the General Assembly is legislative and it is presumed to act for the common good and in response to popular demand. The mere fact that it excludes territory from the district raises no presumption of a determination that no benefits were anticipated to accrue. Such presumption might be indulged if no provision had been made for assessments to pay the incurred expenses, but not so in the face of such a provision.

In the recent case of *Burton* v. *Chicago Mill & Lumber Co.,* 106 Ark. 296; S. W. 114, it was said there could be no assessment to cover costs not provided for by the Act of the Legislature under which the parties to that case had proceeded, where the district was not established. But that decision must be read in the light of the facts there recited. We said there had been no finding that it would be to the best interest of the landowners to establish the drainage district there petitioned for under the provisions of the Acts of 1909, page 829, as amended by Acts of 1911, page 193, and consequently there could have been no benefits which would authorize its establishment. Moreover, **it was there** said that the law under which the petitioners for the drainage district had proceeded made no provision for the payment of costs where the district was not established, except the costs of survey and of publication.

Here there was a legislative ascertainment that the lands would be benefitted by the proposed improvement and when the project was abandoned, so far as these lands were concerned, the Legislature fixed what it declared to be the proper proportion of the costs for the excluded lands to bear.

We are of the opinion that the statute in question, authorizing assessments on lands excluded from the district, is valid and that the complaint in this case states no cause of action.

The decree is therefore reversed and the cause is remanded with directions to sustain the demurrer to the complaint.

KIRBY, J., dissents.