STONE *v.* SEWER IMPROVEMENT DISTRICT No. 1, CITY OF

FAYETTEVILLE.

## Opinion delivered March 17, 1913.

1. BILL OF REVIEW—JURISDICTION OF CHANCERY COURT.—The chancery court has jurisdiction to entertain a bill of review, founded upon alleged newly discovered evidence of facts occurring since the former decree, even though the cause has been before the appellate court and a mandate issued to the chancery court. (Page 411.)

2. BILL OF REVIEW—NEWLY DISCOVERED EVIDENCE—DISCRETION OF COURT. —Before allowing a bill of review on the ground of newly discovered evidence, the court ought to be satisfied that the evidence is new and could not have been discovered by the exercise of ordinary diligence prior to the date of the decree complained of. (Page 411.)

3. BILL OF REVIEW—DOES NOT LIE WHEN.—When the board of a sewer improvement district, brought an action against owners of property in the district, and the assessment made and levied upon the said lands was upheld, and the defendants in the original proceeding filed a bill of review in the chancery court, on the ground of newly discovered evidence, the bill will not lie unless the new evidence is material to the issue decided by the former decree, and a demurrer to the bill of review will be sustained when the bill

alleges merely that the evidence has been discovered since the rendition of the first decree, that a sewer line through a portion of appellant's land has been abandoned because of lack of funds, and alleges that the sewer is impracticable because of the location of appellant's land, and that the population is too scanty to make the sewer desirable or practicable.   (Page 412.)

Appeal from Washington Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

The appellants are the owners of land in improvement districts in the city of Fayetteville.

In the case of *Board of Improvement* v. *Pollard,* reported in 98 Ark., at page 543, appellants contested the validity of the assessment made and levied upon these lands for the year 1909.  That cause originated in the chancery court in an action instituted by the board of the improvement district to collect the assessment for that year.  The decision of the chancery court was in favor of the appellants here, and the cause, on appeal to the Supreme Court, was reversed.

The contention of the owners was that the land was not benefited by the improvement.  The contention of the district was that the owners, having failed to attack the assessments at the time and in the manner pointed out by the statute, were precluded from setting up their invalidity in the chancery court.

This court, in its opinion in the case, upon the issues and facts presented, found and declared as follows: "In the case at bar, while the chancellor found that the property of defendants was not benefited by the improvement, and his finding is sustained by a preponderance of the evidence; nevertheless, there was substantial evidence on the part of the plaintiff showing that the property received additional benefits from improved sanitation, and that it could be connected with the sewer system so as to successfully drain the sewage from this property, and thereby receive benefits.  Under such circumstances, the assessment made can not be invalidated, or set aside in this proceeding."  And the court re-

manded the case with directions to enter a decree in favor of the plaintiffs (appellees here).

The present proceedings were instituted by the appellants in a bill of review filed in the chancery court with the permission of the chancellor to review the cause in which the decree of the chancellor was reversed, and decree ordered to be entered by the Supreme Court, *supra,* and to have the collection of the assessment, under the mandate of the Supreme Court, enjoined.

The complaint set up the facts showing the creation of the improvement districts and the former proceedings in the chancery court and the Supreme Court, making those proceedings exhibits, and alleged, among other things, the following: "That the defendants, Sewer Improvement District No. 1 and Water Improvement District No. 1, aforesaid, are so interrelated that full and complete relief can not be given these plaintiffs without joinder herein of both said boards of improvement, and for the further reason that there can be no sewer benefits unless there be a full and sufficient water supply of such volume and power as to flush and drain said sewer pipes. That the sewer system has no source of revenue, and for the cost of construction and maintaining a sewer system it must draw upon the funds and revenues of said water system.

"These plaintiffs further allege that at no time has there been made any provision to supply these plaintiffs with an adequate, or indeed, any water supply; nor is any water supply or system intended to be furnished these plaintiffs. That no estimated cost of constructing a water supply system to afford these plaintiffs any water benefits have been made, and none is intended to be made. These plaintiffs allege that the erroneous cost of supplying these plaintiffs with a water supply or constructing a system which would place water within reasonable reach of these plaintiffs, was not included within the original cost of such system, as hereinbefore alleged.

"These plaintiffs further allege that whatever plans

and estimates of cost for either sewer or water service, or improvements have heretofore been made; that since the trial of this cause originally in this court, being the case of *Sewer Improvement District No. 1* v. *A. B. Stone, et al.,* have been now wholly and fully abandoned for a total lack of funds to make any extensions, and for the further reason that the said defendants herein are now fully convinced that the same is wholly impracticable, and that the limited territory, both as a taxing territory and the scanty population to be served can in no way justify the great expenditure of the funds of the district in constructing expensive sewer pumping plants, which will be required, to furnish plaintiffs any sewer benefits whatever.

"These plaintiffs further allege that the pretended survey made by one Knoch in said former suit by which it was pretended that a new sewer system might be constructed along said line, and afford plaintiffs benefits, has been wholly abandoned; and the intention to build along said line to furnish or afford these plaintiffs sewer service and benefits, has also been wholly abandoned, which fact of abandonment will be supported by the testimony of each member of said two boards of improvement, as well as by other conclusive testimony of record. That said witnesses will also testify that there has been a complete abandonment of said projected extension, as to the premises of these plaintiffs, and that no such, or any similar or substituted line of sewer extension, is either contemplated in the future. And in view of the great cost, the project of connecting up plaintiffs' premises with said sewer line as originally established, and which may in the future be established, has been wholly abandoned. That these plaintiffs will also prove beyond any doubt, by said witnesses, that no benefits whatever have been or can be given in the future to these plaintiffs by the said sewer system, as originally planned, and that the same will not be extended to the property of these plaintiffs in the future. They will also prove by these witnesses, that the original assessment was in-

advertently made, and that these defendants now desire that the same shall be corrected, and that further payments thereon be made the subject between these parties of compromise, readjustment and probable total remission.

"That the right of these plaintiffs will suffer irreparable injury if the mandate aforesaid is enforced, or the said wrongful and inadvertent assessment allowed to stand against the property of these plaintiffs upon which it is now a lien, to the extent of nearly $1,400, and by which the title to their property is unjustly and unlawfully clouded. These plaintiffs further allege that the intention to abandon, and the fact of the abandonment itself, alleged herein, were not known nor could have been known to these plaintiffs by the use of any diligence until long after the trial of the original cause." The complaint concludes with a prayer for relief as above indicated.

The appellees (defendants below) moved the court to strike out the complaint, for the following reasons: "First, because said complaint does not state any facts which will authorize this court to review the decision and judgment prayed for in this complaint. Second, because this court has no jurisdiction to grant the relief prayed for by said plaintiffs. Third, because the evidence of the witnesses set forth in the complaint is not newly discovered evidence, but is cumulative and could have been offered by plaintiffs in the original trial. Fourth, because said evidence is incompetent, irrelevant, and wholly inadmissible."

The motion was sustained, the appellants (plaintiffs below) declined to plead further, and the court dismissed the complaint, and appellants duly prosecute this appeal.

*Appellants pro se.*

1. A bill of review on account of newly discovered evidence is in the nature of an original suit in equity, leave to file which must come from the court which tried the case below, and the granting of such leave is the exercise of a judicial discretion which will not be disturbed

on appeal, unless a clear abuse of discretion is shown. Such abuse will never be presumed. 33 Ark. 161; 154 Ill. 577, 39 N. E. 623; 8 B. Mon. 340; Story's Eq. Pl., § 408; 34 C. C. A. 240; 92 Fed. 115; 3 Tenn. Ch. 211; 19 Vt. 219; 36 Ark. 532; 47 Ark. 17; 183 Ill. 132, 55 N. E. 673; 144 Ill. App. 344; 13 W. Va. 256; 25 N. J. Eq. 145; 78 Miss. 41; 25 Ark. Law Rep. 241; 129 S. W. 1079; 102 Md. 456; 84 Ark. 203. It can be attacked and its sufficiency tested only by the established rules of equity pleading. 2 Daniels Ch. Pr. & Pl. 1579; Story's Eq. Pl., § 418; 3 Enc. Pl. & Pr. 574; 36 Ark. 532; 31 Ark. 616; 33 Ark. 661; 6 Enc. Pl. & Pr. 297-298.

2. The bill will not be condemned on demurrer for mere indefiniteness or uncertainty. All its allgations must be construed liberally with a view to substantial justice between the parties. 54 Ark. 449; 31 Ark. 657; 24 Ark. 73; 52 Ark. 378; 24 Ark. 402; 17 Ark. 113; 70 L. R. A. 326; 6 Enc. Pl. & Pr. 346.

3. The evidence alleged in the bill of review would have been competent in the original case as tending directly to prove lack of benefits, in that it would have proved that the supplemental sewer line through appellants' land had been abandoned. Abandonment includes both the intention to abandon and the external fact by which such intention is carried into effect, and, since the intention is the essence of the abandonment, the facts in each particular case are for the court and jury. 94 N. W. 857; 120 Ia. 410; 30 Atl. 842; 165 Pa. 325; 14 So. 379; 102 Ala. 224; 50 Pac. 318; 90 Ia. 646.

4. The newly discovered evidence alleged is not cumulative. Evidence is not cumulative when it tends to prove a distinct fact not testified to at the former trial. Here the issue of abandonment was not before the court at all. 36 Ark. 540; 114 Ga. 233; 43 Ia. 175; 148 Mo. 478; 43 Conn. 514; 75 Wis. 24; 69 N. W. 329; 84 N. W. 513; 2 Ark. 346; 31 Ark. 616; 59 Ark. 441; 53 Pac. 481.

5. Facts pleaded in the bill and admitted by the demurrer have the same force and effect in support of a

judgment as though proved at a trial. 24 Ark. 410; 6 Ark. 150; 19 Ark. 319; 20 How. 306; 10 Pet. 298; 24 How. 188; Stephen on Pleadings, 155; 74 U. S. 98-99; 6 Enc. Pl. & Pr. 334, 337, 346.

*McDaniel & Dinsmore,* for appellees, filed no brief.

WOOD, J., (after stating the facts). 1. The chancery court had jurisdiction to entertain the bill of review, which was in the nature of an original bill, and it did not abuse its discretion in permitting the complaint or bill of review to be filed.

"The court of chancery has inherent power, without the consent of the appellant tribunal, to review, on the ground of newly discovered evidence, its decree, though it has been passed upon on appeal, and no principle or practice requires that it shall refrain from doing so until the consent or countenance of the superior court shall have been obtained." *Putnam* v. *Clark,* 35 N. J. Eq. (8 Stewart), 145-150.

The bill in the present case was not a bill of review for errors apparent on the face of the record, but was founded upon alleged newly discovered evidence of facts occurring since the former decree, which, if they had been in existence and brought forward at the former hearing, would have most likely changed the results. See *Holl* v. *Waddill,* 78 Miss. 41 *et seq.*

In *Jacks et al.* v. *Adair,* 33 Ark. 161-171, this court said: "Without multiplying citations it may be taken as the result of American authorities, that whilst all deny the power of the court of chancery, after the action of a court of appeals, to review its decrees for matters which might have been assigned as error, they either expressly announce, or with very few exceptions, concede this power for newly discovered facts; and it must exist of necessity somewhere, or there would in many instances be a total failure of justice. This court can not entertain jurisdiction of a bill of review of its own decrees. Such bills are not of an appellate character, but when founded upon newly discovered facts, as this is, are of original nature." *Killian* v. *Killian,* 98 Ark. 15.

In *Craufurd* v. *Smith,* 93 Va. 623-628, it is said: "The court, before allowing a petition to rehear, or a bill of review, to be filed on the ground of newly discovered evidence, ought to be satisfied that the evidence relied on is new and could not, by ordinary diligence, have been discovered prior to the date of the decree complained of."

The chancellor, having allowed the bill to be filed, must have become convinced in these particulars.

2. The next and only other question to be considered is whether or not the complaint or bill of review stated facts, the truth of which when conceded, as they were by the motion or demurrer, sufficient to change the result of the former decree and to authorize the relief which the appellants seek.

In *Killian* v. *Killian, supra,* speaking of a bill of review, we said: "A bill of review is an independent proceeding, and is a complaint by the party seeking the relief as the complainant. Its object is to reverse or modify a decree rendered in a former case, and it should specifically state the grounds upon which it is based. If it is based upon newly discovered evidence, it should state facts showing that this alleged new evidence is relevant and material to the issue involved in the original case and of such a character and cogency that it would change or at least probably change the result." And, further, "The bill for review will not lie where     *     *     * such new evidence is not in fact material to the issue that was decided by the former decree and could not change the result."

Tested by the above rules, we are of the opinion that the facts stated in the complaint were not sufficient to change the result of the decree on the former hearing as to the legality and validity of the assessment. The facts which have occurred and which are now brought forward in the bill as newly discovered evidence, to change the former decree, are substantially, that since the first decree was rendered the supplemental sewer line through the southeast corner of appellant's land has been abandoned because the sewer improvement dis-

trict had no revenue and no funds with which to build it; that because of its great cost it was impracticable in view of the location of plaintiff's land; that because of the scanty population it was undesirable as well as impracticable. These facts, if they had been shown to exist when the decree was rendered, could not have changed the result of that decree, for admitting that they were true, they only showed that the project of building the supplemental sewer line through the southeast corner of plaintiff's land had been abandoned after the improvement district had been formed, which contemplated as a part of the improvement the building of this supplemental line. But there are no allegations in the complaint to show that the expense necessarily incurred in the formation of the district and the laying off of the same over these lines could or would be paid without the appallant's pro rata part of the assessment. There is no allegation to show that this assessment, or a part thereof, was not necessary to defray this preliminary cost of the formation of the district.

The allegations, in effect, are that the appellants are not, and will not be, benefited because the contemplated sewer line over appellants' land has been abandoned. But there are no allegations to the effect that the appellants would not have been benefited by the contemplated improvement. Now the abandonment of a contemplated improvement that would have been beneficial if made as originally contemplated does not render invalid an assessment that was levied for the purpose of improvement unless it be shown that no part of the assessment was needed for the purpose of defraying the necessary expenses incurred in the preliminary work of surveying the territory and creating the district. This case is ruled in this particular by the recent case of *Board of Directors of Crawford County Levee District* v. *Dunbar,* 107 Ark. 285, where the court, speaking through Chief Justice McCULLOCH, said: "But it is not essential that the benefits be actually realized. Expenses must be incurred in advance of the enjoyment of benefits, and as-

sessments must necessarily be levied upon the basis of anticipated benefits.'' Citing *Salmon* v. *Levee District,* 100 Ark. 366. And, further, quoting from that case, ''The legislative branch of the government is, as we have said in several cases, the sole judge in the matter of creating improvement districts of this character, in establishing the boundaries thereof, and in determining, or in providing means for determining, the amount of assessments based on benefits, and the courts will not interfere unless an arbitrary and manifest abuse of the power is shown. Mere mistakes of the lawmakers, or of those empowered by the lawmakers to make assessments, in fixing the amount or rate of assessments, will not be reviewed and corrected by the courts.''

While this was said in regard to the Legislature and districts created directly by it, the same principle applies in regard to agents upon whom they have conferred power to create improvement districts in cities and towns.

Furthermore, the benefits to be derived from the supplemental line of sewer contemplated, and which the complaint shows to have been abandoned, were not the only benefits that the testimony tended to show would come to appellants by reason of the contemplated improvement. In our opinion in the case of *Improvement District* v. *Pollard et al.,* we said there was ''substantial evidence on the part of plaintiff showing the property received additional benefits through improved sanitation, by the construction of this sewer system in the proximity of defendants' land.'' There is no allegation in the complaint that appellants would not still be thus benefited, or that the sewer system in proximity to appellants' land had been abandoned.

In the above case we held that ''if any benefit accrued to the land by reason of the improvement then the owner is precluded at any time after the time given him by the statute from raising any objection thereto.'' And, further, ''If it appears from any substantial testimony that the property receives any benefit from the improve-

ment, then the assessment thereof made by the board can not be invalidated by the court, but the owner can only obtain relief therefrom by proceeding in the manner prescribed by the statute. In such event it can not be said that the assessment was made either 'through fraud or through demonstrable mistake.' ''

It follows that the bill of review fails to state a cause of action and the court did not err in sustaining the demurrer thereto and in rendering the judgment dismissing the same. Affirmed.

KIRBY, J., concurs in the judgment.