DAVIES *v.* CHICOT COUNTY DRAINAGE DISTRICT.

Opinion delivered April 6, 1914.

1. DRAINAGE DISTRICTS—DISSOLUTION—PRELIMINARY EXPENSES—ASSESSMENT, HOW VALIDATED.—Where an act provided for the dissolution of a drainage district, and recognized and provided for the payment of obligations which had been incurred and which were outstanding, it may validate an assessment which was made by the board of directors, and thereby cure any defect in the manner of levying the assessment, the assessment having been made for preliminary expenses. (Page 360.)

2. DRAINAGE DISTRICTS—DISSOLUTION—ACTION BY LAND OWNER—COSTS.— When a land owner sought to have declared void an assessment improperly made by the board of directors of a drainage district, before the passage of a special act validating such assessment, and when he was entitled to the relief sought, when his complaint was filed, he will not be liable for costs prior to the time the validating act became effective. (Page 361.)

3. DRAINAGE DISTRICTS—DISSOLUTION—PENALTY.—A penalty is authorized by a special act creating a drainage district, for failure to pay an assessment within the time limited by the act, and where the act is repealed by a later act, validating the assessment, the penalty can not be collected. (Page 361.)

Appeal from Chicot Chancery Court; *Z. T. Wood,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This cause was submitted upon an agreed statement of facts from which it appears that the Chicot County Drainage District was created by a special act of the General Assembly, approved May 26, 1911, the same being Act No. 299. Section 12 of said act provided for the assessment of the drainage tax, and required that, upon the completion of said assessment, a notice thereof be published in some newspaper for three weeks to the end that any land owner might file exceptions against his assessment. That said assessment should have been made at the meeting of the board of directors in September, 1912, but was not made until the 8th day of October, 1912, the same being an adjourned day of said September meeting. That the board assessed all the lands in the drainage district, including those of appellant at seven

cents per acre, but the board gave no notice whatever of said assessment. That the survey of said district had been completed, plans and specifications for complete drainage of the district prepared, maps, profiles and field notes of the same deposited with the district and are now held as its property, and that the said assessment was made for the purpose of repaying the money borrowed by said district from the banks of the county, which had been used in paying for the survey of the district and other necessary expenses of the board. That said Special Act No. 299 of the General Assembly of 1911 had been repealed by Act No. 181 of the Acts of 1913, which was approved March 13, 1913. It was further recited in the agreed statement of facts that the taxes had been extended upon the tax books and that the collector was proceeding to collect and would enforce the collection of said taxes.

A temporary restraining order was granted, which was dissolved upon the final hearing, at which time the court dismissed the complaint and entered judgment for the amount of the taxes and declared the same a lien upon the lands described in the complaint.

This appeal is prosecuted from that decree. The court declined to assess the penalty of 10 per cent imposed by the act of 1911 against land owners who failed to pay their taxes within the time limited by said act, and the drainage district has prosecuted a cross appeal from the court's refusal so to do.

*J. R. Parker,* for appellant.

1. The assessment and levy was void. The notice required was not given. 86 Ark. 238.

2. A flat rate of seven cents per acre was assessed when the act says that assessments shall be made according to benefits. 71 Ark. 561; 84 *Id.* 395; 89 *Id.* 513.

3. The board had no power to make a levy for the survey and expenses.

4. The curative act is a nullity. 83 Ark. 344-348; 89 *Id.* 517; 68 *Id.* 336.

*W. G. Streett* and *J. C. Gillison,* for appellee.

All the objections mentioned were settled by the Act of 1913, page 756. All defects were cured and all acts of the board validated. 83 Ark. 344; 43 *Id.* 420; 90 *Id.* 600.

SMITH, J., (after stating the facts). Appellant contends that the assessment and levy is void because the board gave no notice of the assessment, as required by section 12 of the act under which they were operating; and because a flat rate of seven cents per acre was levied when the act required the board to make the assessment according to benefits; and for the additional reason that said assessment was made for the purpose of paying for the survey and the expenses of the board, when they were only authorized to levy an assessment against the lands for the purpose of digging the drainage canals of said district.

Practically all of the questions involved here were considered and decided in the case of *Board of Directors of Crawford County Levee District* v. *Dunbar,* 107 Ark. 285, 155 S. W. 96. There an improvement district had been dismembered, here one has been abolished, and in both cases provision was made for the preliminary expenses of the district. The act of 1913 provided for the dissolution of the district, but it recognized that the district had incurred obligations which were then outstanding and provision was made for their payment. That provision was contained in the following language:

"Provided, that whereas the board of directors of said drainage district have levied an assessment against the lands, lots and railroad rights-of-way in said district, be it enacted that all of the acts of said board of directors in relation to the assessment, levy and collection of said assessment be, and the same are hereby validated; and the collector of taxes for said county of Chicot is hereby authorized and directed to pay over to said board of directors all such sums of money as he may collect under said assessment, when collected; and the said board of directors be, and the same are, hereby empowered and

authorized to pay out of the moneys coming to their hands, from said assessment, in payment of all debts and obligations created by said board, and the surplus remaining, if any, in their hands, shall be covered by them into the general county fund of said Chicot County."

The Legislature recognized that an assessment had been made by the board of directors, and in express terms validated that assessment.

No attempt is made to show that the assessment thus validated contravened any constitutional requirement that such assessments shall be in proportion to the prospective betterments and the presumption must be indulged that the Legislature determined that the assessment bore a just proportion to the prospective benefits of the improvement. The right of the Legislature to apportion the preliminary expense of a dismembered improvement district in proportion to the anticipated or prospective benefits is asserted in the case of *Board of Directors* v. *Dunbar, supra.*

Nor do we think appellant's position is well taken in regard to the effect of the failure of the board of directors to give notice of the assessment as provided by section 12 of the act creating the drainage district. The validity of this assessment does not depend upon the action of the board of directors. The Legislature has reviewed that assessment and has validated it. The act, No. 181 of the Acts of 1913, is not a mere curative act and we need not therefore consider the authority of the Legislature to cure an assessment made without notice. But this act expressly authorizes and directs the collector of taxes of that county to proceed with the collection of said assessment and directs the disposition of the taxes to be made by him when the collection has been completed. In the case of *Sudberry* v. *Graves,* 83 Ark. 344, an act somewhat similar to this Act 181 of the Acts of 1913 was under consideration and the court there said: "But it is broader than that (*i. e.,* broader than a mere curative act) in its scope and effect. It is equivalent to a declaration that the amounts assessed by the viewers

and approved by the county court were proper according to the benefits to be received by each tract of land, and a legislative adoption of those amounts as a reassessment of the proportionate part of the cost of the improvement to be paid upon those lands. The Legislature had the power, in the first instance, not only to fix the boundaries of the district but to determine the cost of the improvement and to assess the cost proportionately upon the several tracts of land according to the legislative estimate of benefits, without delegating to any subordinate board, or officers, the duty and power of fixing the assessment. *Coffman* v. *St. Francis Drainage Dist.,* 83 Ark. 54; *Parsons* v. *District of Columbia,* 170 U. S. 45.''

In other words, the Legislature could in the first place have levied the assessment itself, subject only to the right of the assessed land owner to have an arbitrary abuse of that power reviewed by the courts (*Coffman* v. *Drainage District, supra*), and it can therefore adopt as correct the assessment made by the viewers and county court, treating the act of adoption as a reassessment of the lands by the Legislature. We see no reason why the Legislature can not, if it had the power in the first place to determine for itself the proportionate amounts to be assessed against the lands in the district, determine now that the apportionment made by the viewers and confirmed by the county court was correct and assess them against the lands. Authority is not lacking to support this view.

The complaint in this case was filed on the 8th of February, 1913, which was prior to the passage of Act 181 of the Acts of 1913, and appellant having been entitled to the relief prayed for at the time of filing his complaint is not liable for any costs prior to the time this Act 181 became effective. *Sudberry* **v.** *Graves, supra.* And in no event would appellant be liable for a penalty. The only authority for the imposition of a penalty is found in the act creating the district, and that act was

repealed, and the act of 1913 only authorized the collection of the assessment of the seven cents per acre.

The decree of the court below is therefore in all things affirmed.