## WALDEN *v.* BLASSINGAME.

## Opinion delivered October 8, 1917.

1.  EVIDENCE—TRANSACTIONS WITH DECEASED—TESTIMONY OF CO-DE-
    FENDANT.—One B. was joined as a defendant with the estate of
    one D., deceased, in an action to cancel a deed for fraud. *Held,*
    B. was competent to testify to transactions had with the deceased.

2.  ACKNOWLEDGMENTS—FORGED INSTRUMENT.—Where it is sought
    to be shown that the grantor in an instrument did not acknowl-
    edge it at all, no rule as to the amount of evidence required ob-
    tains, but the court is to determine from all the circumstances
    disclosed whether the certificate of acknowledgment is true or
    false.

3.  LIMITATIONS—FORGED DEED.—The statute of limitations will not
    run in favor of parties to a forged deed, until a discovery of the
    forgery by the true owners of the land.

Appeal from White Chancery Court; *John E. Mar-
tineau,* Chancellor; reversed.

*John D. DeBois* and *R. S. Coffman,* for appellants.

1.  The evidence shows that the deed from John R.
Walden to his wife, Julia, was a forgery and a fraud,
and hence appellants must prevail.

2.  This suit is not barred, as it was brought within
apt time after the fraud or forgery was discovered.
Kirby's Digest, § 5077; 61 Ark. 527; 92 *Id.* 618-621; 108
*Id.* 342.

3.  It is competent for witnesses to testify as to
what a deceased person may have said, they being third
persons, not parties to the suit. 70 Ark. 542; 46 *Id.* 306.
The testimony of David A. Blassingame was admissible.

4.  The forged deed should be canceled and appel-
lants should recover.

*Brundidge & Neelly,* for appellees.

1.  It is not proven that the deed from John R.
Walden to his wife was a forgery, and the chancellor
so found and his findings are supported by the evidence.

2.  Blassingame's testimony was incompetent.
Kirby's Digest, § 3093.

3. The burden of proving the fraud was upon appellants and the evidence must be clear, cogent and convincing. 117 Ark. 326; 96 *Id.* 564.

4. The suit is barred by limitation.

HUMPHREYS, J. Appellants, collateral heirs of John R. Walden, deceased, brought suit in the White Chancery Court to recover the E. ½ of the S. E. ¼ of Sec. 14; S. E. ¼, S. W. ¼ of Sec. 13; and an undivided one-half interest in the W. ½ of the S. W. ¼, Sec. 13, T. 6 N., R. 10 W., in White County, Arkansas, from appellees. The vital issue presented by the pleadings and evidence to be determined by this court on *de novo* trial is whether the deed of date June 22, 1893, of John R. Walden to Julia Walden, his wife, is a genuine or forged instrument. Appellants claim title to said land by inheritance from John R. Walden, deceased. Appellees claim title through mesne conveyances from the common source, John R. Walden. If the deed in question from John R. Walden to Julia Walden, of date June 22, 1893, is a forgery, appellants must prevail. If said deed is genuine, appellees must prevail.

(1) John R. Walden died in October, 1894. His only child died in infancy a few months thereafter. His wife afterwards married W. W. Duncan, and died in the early part of the year 1909. Prior to her death she and her husband, W. W. Duncan, who were residing upon the lands in question, conveyed same to David A. Blassingame on the 3d day of August, 1899. On January 13, 1908, David A. Blassingame and wife executed a deed of trust on said real estate to David M. Doyle to secure the sum of $975.38. After Blassingame purchased said real estate from Julia Walden and her husband, W. W. Duncan, he entered into negotiations with appellants to purchase their remainder interest in said lands as heirs of John R. Walden, deceased, and agreed to pay them $400 for a quitclaim deed to said real estate. The deed was executed and, by agreement, a draft for $400 was attached thereto and same was deposited in the Peoples

Bank in the city of Searcy in escrow, with instructions that the deed should be delivered to Blassingame when the $400 draft was paid. Blassingame failed to pay the money and the deed was never delivered to him. Upon investigation, appellants discovered that the alleged forged deed from John R. Walden, deceased, to Julia Walden, of date June 22, 1893, had been placed of record. They were advised by an attorney that the deed in question precluded them from successfully maintaining a suit for the lands. Appellants then dropped the matter until the month of March, 1916, when they obtained information from Blassingame to the effect that the deed from John R. Walden for said real estate to his wife, Julia Walden was a forgery. Within a reasonable time thereafter, appellants brought this suit against appellees to cancel the alleged forged deed and the mortgage executed by the Blassingames to David M. Doyle of date January 13, 1908, and to quiet the title to said real estate in said appellants as against appellees. Prior to the institution of the suit, David M. Doyle had died, and appellee, H. D. Russell, had been appointed executor in succession of the estate of D. M. Doyle, deceased, when this suit was commenced. The executor had brought suit to foreclose the mortgage on said real estate against the Blassingames, and when Blassingame determined he could not liquidate or extend the mortgage, he divulged the alleged forgery of the deed in question to J. M. Walden, one of the appellants herein. He exacted a one-half interest in the real estate from Walden on account of improvements he had made upon the property for divulging the information, and at first Walden agreed to give him a one-half interest therein, but after Blassingame made the disclosure that he was a party to the fraud and after consultation with an attorney, he declined to enter into such an arrangement and brought suit against both Blassingame and the Doyle estate to cancel the deed and mortgage aforesaid. Blassingame testified positively that D. M. Doyle had agreed to advance him $400.00 to purchase the interest of appellants in said lands, and

when he asked Doyle for it, Doyle told him he had a better plan and turned the deed in question over to him and suggested that he place same of record, which he did. The deed, including the acknowledgment and signature of the magistrate, is shown to be in the handwriting of Doyle. The justice of the peace who was supposed to have acknowledged the alleged forged instrument died prior to the institution of this suit. David M. Doyle told B. R. Picard that he had fixed up the deed, and Blassingame showed him where they had torn the name "McClain" out of the J. P. docket, in order to imitate the name, and stated that was the way they kept from paying the $400.00 to appellant. Other witnesses testified to like statements and admissions by both Doyle and Blassingame. It is true that the cross-examination of some of the witnesses developed inaccuracies and conflicts, but after a careful reading of all the testimony, we believe the finding of the chancellor is contrary to a clear preponderance of the evidence. It is insisted that Blassingame is an active plaintiff, and, therefore, precluded from giving testimony as to any transactions with or statements of the intestate, David M. Doyle. Blassingame was made a defendant and filed answer denying all the material allegations in the complaint. He does not appear as a voluntary witness. It is affirmatively shown that before this suit was brought, and since, appellants positively declined to give or contract him any interest in the lands. He has no interest in the result of the suit. He is not pursuing the executor and is a co-defendant, hence, the provision of Sec. 3093 of Kirby's Digest has no application to him and does not render his testimony incompetent.

But it is contended that the evidence necessary to impeach a certificate of acknowledgment must be clear, cogent and convincing beyond reasonable controversy. The issue here is whether or not the officer ever certified the acknowledgment. It is not an attempt to impeach an acknowledgment duly certified. The question is—was the deed, acknowledgment and certificate forged? In the

recent case of *Nevada County Bank* v. *Wm. Gee and N. T. Gee,* 130 Ark. 312, this court in construing the case of *Polk* v. *Brown,* 117 Ark. 321, cited by appellant, said that "where there is a claim that the grantor did not make any acknowledgment whatever before the officer, the weight of the evidence should not be affected by any particular rule peculiar to the subject, but that the court should be left to determine from all the circumstances disclosed whether the certificate of acknowledgment is true or false." We do not think the clear, cogent rule of evidence contended for is applicable to the issues involved in this case, but the rule laid down in *Polk* v. *Brown,* and *Nevada County Bank* v. *Gee, supra,* obtains.

It is insisted that one of the appellants, Walden, and Blassingame entered into a conspiracy to defeat the Doyle estate in the collection of its indebtedness secured by the mortgage in question; and not being in court with clean hands, the bill should be dismissed. The record is not sufficient to warrant a finding that such a conspiracy exists.

(3) Our attention is called to the fact that Blassingame was holding under a deed from Julia Duncan and her husband, W. W. Duncan, and that he held open and adverse possession thereof for more than seven years. The evidence clearly showed that Blassingame claimed a life estate only under the Duncan deed from date thereof, until June 22, 1893, a less period than seven years. During that period, he recognized the interests of appellants by contracting to buy the fee from them. On and after June 22, 1893, Blassingame relied upon the forged instrument as the source and foundation of his title. Appellants were induced not to bring suit for the recovery of their land on account of the forged deed being placed of record. Neither Blassingame nor Doyle were innocent purchasers, both having participated in the forgery of the deed in question, and for this reason the statute of limitations would not begin to run in their favor against appellants until the discovery of the fraud.

This suit was instituted as soon as the fraud was discovered.

The cause is therefore reversed and remanded with instructions to enter a decree canceling the deed from J. R. Walden, deceased, to Julia Walden, of date June 22, 1893; also the mortgage from David A. Blassingame and wife to David M. Doyle of date January 13, 1908; and to quiet and confirm the title to said real estate in appellants as against appellees.