MUTUAL RELIEF ASSOCIATION *v.* FORREST.

Opinion delivered October 17, 1927.

1.  EQUITY—BILL OF REVIEW—LACHES.—A bill of review filed nine months after a judgment by default, which alleged that defendants believed plaintiff had abandoned the original suit, and that their demurrer, answer, and cross-complaint had been stricken without their knowledge, was properly dismissed, in the absence of allegations of fraud, material newly-discovered evidence, or errors of law appearing on the face of the record, where it appears that the pleadings were properly stricken, and defendants had ample time to discover that plaintiff was still pressing the suit after filing of plaintiff's amended complaint.

Appeal from Benton Chancery Court; *Lee Scamster,* Chancellor; affirmed.

STATEMENT OF FACTS.

This is an appeal from an order and decree sustaining a motion to dismiss as a demurrer to a bill of review. It seeks to set aside a decree of the chancery court, rendered by default against the petitioners upon errors of law apparent upon the face of the record.

It was alleged that the judgment was rendered by default against them after their demurrer, answer and cross-complaint was stricken from the files, without their knowledge. Petitioners stated that, some time after the filing of the complaint for the amount alleged to be due upon two policies of insurance issued by a mutual assessment company and the sureties on its bond, they filed a motion to require the plaintiff, who was a nonresident of the State, to execute a bond for costs; that they never received or had any information that plaintiff had complied with the motion and filed a bond for costs, and believed that he had abandoned his suit, and had no

further information relative to judgment being rendered against them until shortly before the filing of the bill, when a copy of the judgment was served on them. They alleged that they have a valid defense to the cause of action, as set out in their original answer and cross-complaint, which they ask to be made a part of and considered with the petition or bill of review. Alleged that the plaintiff conspired with one D. C. Shannon to defraud the defendant by taking a life insurance policy on one James A. Little; that R. F. Forrest, plaintiff, made a false answer to questions in the application for insurance in order to secure the policy, and said false answers were well known to said Shannon, who, together with Forrest, * * * conspired together for the purpose of defrauding the defendants, the Mutual Relief Association, Charles X. Williams, W. T. Roberts and John P. Roberts, the petitioners herein.''

The petitioners, Charles X. Williams, W. T. and John P. Roberts, ask the court to set aside the judgment against them for the reason that said judgment was without authority of law, and was rendered by default against said petitioners, without their knowledge and consent. ''And they believed that plaintiff, R. F. Forrest, had abandoned his suit upon the filing of the motion to require plaintiff to give bond for cost, for the reason that he was a nonresident of the State of Arkansas.'' Prayed that the judgment rendered against them at the October term of court be set aside, and that their demurrer, answer and cross-complaint be considered, and that they be allowed to take depositions and present proof thereof, that the complaint be dismissed, for costs, etc. Copies of the pleadings were also exhibited with the complaint. The motion to strike out the answer and cross-complaint filed in the original suit, because they were not filed in the time allowed by the court, and did not have the copies of the exhibits attached as the law required, and because they were not filed in good faith, that they did not controvert plaintiff's allegation of insolvency and other allegations of the complaint.

The decree shows the demurrer to the answer was sustained, and also that the defendants had failed to comply with the orders made by the court and now of record, that the cross-complaint was not verified nor filed in good faith, and that defendants made default, and that the verified complaint should be taken as confessed, and rendered judgment accordingly.

The judgment recites that all of the defendants had been legally summoned and had entered their appearance by the filing of their demurrer, answer and cross-complaint; that the material allegations of the plaintiff's amended and substituted complaint are uncontroverted and confessed in the answer, and those controverted in the answer are confessed in defendants' cross-complaint. After finding the facts necessary thereto, the court rendered judgment upon the policy for the balance claimed to be due thereon against the insurance company and the sureties on the bond.

The court treated the motion to strike the petition for review from the files as a demurrer, and sustained the same, except as to the last paragraph, upon which the court had a hearing, and found from the record that the cause was filed on the 12th day of April, 1924; that the defendants filed a motion requiring a bond for costs, which was given, and that the plaintiff filed on December 22, 1922, an amended and substituted complaint, to which petitioners filed an answer on February 16, 1925; that plaintiff filed a motion on the 25th day of February, 1925, to strike the answer of defendants from the files. The court found that the cause had been pending from the time defendants filed their answer, February 16, 1925, until the regular October term, and that the plaintiff had been asking for a hearing on different occasions, but the defendants had failed to appear, and that judgment was rendered on the 9th day of October for the sum claimed; that the defendants made no effort to defend the suit, and, after judgment was rendered and term of court adjourned, made no complaint until July 19, 1926, when they filed this petition for a bill of

review, which was denied, and from which judgment this appeal is prosecuted.

*John P. Roberts,* for appellant.

*W. O. Young,* for appellee.

KIRBY, J., (after stating the facts). No contention is made that the defendants were not served with summons in the original action, and there is no allegation of the judgment or decree having been obtained by fraud practiced by the successful party, nor any allegation of fraud in the procurement of the judgment, but only in the original cause of action alleged as a defense to the suit. Although the petitioners may not have known that the plaintiff in the original suit was still pressing same, they could easily have ascertained the fact, after the filing of the amended complaint on February 16, 1925, before the judgment at the following October term, and no complaint was made of the judgment having been rendered until July 19, 1926, when a bill for review was filed.

The court correctly held that no sufficient showing was made for granting the relief prayed. As already stated, no fraud was alleged in the procurement of the judgment, which was not rendered until nine months after the amended complaint was filed, and was not complained about until the filing of a bill of review more than eleven months after the decree was rendered; this, notwithstanding the petitioners were duly summoned to appear, and had entered their appearance to the suit more than a year and a half before they seek this relief.

There was no allegation attacking the decree on the ground of error of law apparent on the face of the record entitling the petitioners to the relief sought, nor was there any allegation of any newly discovered evidence material to the issue involved in the original suit and of such character and weight that it might have changed the result.

The court committed no error in dismissing the bill of review and denying the relief prayed for. *Long* v. *Long,* 104 Ark. 562, 149 S. W. 662; *Wood* v. *Wood,* 59 Ark. 441,

27 S. W. 641, 28 L. R. A. 157, 43 Am. St. Rep. 42; and *Killion* v. *Killion,* 98 Ark. 15, 135 S. W. 452.

The petitioners neglected their opportunity to defend the suit against them and to prove their alleged defenses to the policies upon which the suit was brought, and, having failed to show any sufficient grounds for relief from such judgment in their bill of review, the judgment of dismissal must be affirmed. It is so ordered.