GUYOT, EXECUTOR *v.* FLETCHER.

4-9594
4-9648 } (consolidated)          243 S. W. 2d 639

Opinion delivered November 19, 1951.

*Culbert L. Pearce* and *Ed E. Ashbaugh,* for appellant.

*C. E. Yingling* and *C. E. Yingling, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellees, Carrie Fletcher and her husband, to restore

a lost deed that was executed in 1948 by Mrs. Fletcher's aunt, Olive Guyot. By the lost instrument Mrs. Guyot conveyed her homestead in the town of Beebe to Mrs. Fletcher, subject to a life estate reserved by the grantor. Mrs. Guyot died in June, 1950, and this suit was filed against her heirs at law. It was later shown, however, that Mrs. Guyot had left a will giving her property to two of these heirs, Walter and James Guyot—nephews who are the appellants here. Walter was appointed executor, and he and James defended the suit below. In addition to denying the execution of the deed they filed cross complaints asserting that Carrie Fletcher should be required to surrender certain personal property which she had wrongfully obtained from the decedent. The chancellor found for Mrs. Fletcher on both issues, restored the lost deed, and dismissed the cross complaints.

The execution and delivery of the deed were proved by clear and convincing testimony. For many years the closest ties of affection had existed between Mrs. Guyot and her niece. Mrs. Guyot employed an attorney to prepare the deed, and he described in detail its provisions, its execution, and its delivery. Other witnesses quoted Mrs. Guyot as having often said that she had deeded the property to Carrie Fletcher. Mrs. Fletcher's own testimony confirms that of the other witnesses, but it is objected to as involving a transaction with the decedent, in violation of § 2 of the schedule of the Arkansas Constitution. This section, known as the dead man's statute, is not applicable. The land is not needed to pay debts, and therefore the executor is merely a nominal party, having no interest in the outcome of the suit to restore the lost deed. In this situation the personal representative is not a party as the term is used in the statute. *Walden* v. *Blassingame,* 130 Ark. 448, 197 S. W. 1170; *Brown* v. *Brown,* 134 Ark. 380, 203 S. W. 1009. It is earnestly argued by the appellants, upon the authority of *Blackburn* v. *Thompson,* 127 Ark. 438, 193 S. W. 74, that the appellees should have objected below to the executor's presence in the suit, and that their failure to do so makes the dead man's statute applicable. But in the case at bar, unlike the *Blackburn* case, the executor was unquestionably the

proper person to file a cross complaint seeking to recover personal property for the estate; so there was no reason for the plaintiffs to complain of his action in intervening. There were still two separate controversies, and the executor was interested in only one. Mrs. Fletcher's testimony was accordingly admissible, and even without it the execution and delivery of the deed were convincingly proved.

Upon the executor's cross complaint a different situation exists. Here the testimony of Mrs. Fletcher and her husband, who were parties to the suit, cannot be considered in so far as it concerns transactions with Mrs. Guyot. The only serious question is whether the competent evidence is sufficient to sustain the chancellor's finding that Mrs. Guyot gave her furniture to her niece. We think that the decedent intended to make such a gift eventually, but we are unable to discover proof that it was completed.

For many years Mrs. Guyot maintained a home in Beebe, and there she kept the furniture now in dispute. In early February, 1950, Mrs. Guyot's health became somewhat impaired, and she was advised by her doctor to move into the home of the Fletchers, who had recently bought a house at Valley Springs, in Boone County. About three weeks after this move Mrs. Guyot arranged for part of her furniture to be carried by truck from Beebe to Valley Springs, and the appellees must rely almost entirely upon this fact to show delivery of the gift. But what little evidence there is in the record is decidedly against the theory of a gift.

For the appellees there is no direct evidence of a gift, other than the naked fact that the property was moved to Valley Springs at Mrs. Guyot's expense and was still there when she died about four months later. Mrs. Guyot's sister and her attorney both testified that Mrs. Guyot made statements showing an intention to make a gift in the future, but both these incidents occurred while the property was still at Beebe. Mrs. Fletcher testified that at the time of the trial the furniture belonged to her, but only two weeks ago, in *Cowan* v. *Powell, ante,* p. 498,

243 S. W. 2d 373, we held such a conclusion insufficient proof.

On the other hand, there is persuasive evidence to rebut the theory of a gift. After part of the furniture was moved to Valley Springs Mrs. Guyot bought other items of furniture in her own name. As late as April, 1950, she traded her refrigerator in upon a new one, and the receipt recites that the property belonged to her. Some of the furniture moved to Valley Springs was undoubtedly for Mrs. Guyot's personal convenience, such as a heater that she wanted because it was glass-lined. The situation is best summed up by the testimony of Eula Jungkind, a witness for the appellees, who said that at the time of the move to Valley Springs Mrs. Guyot told her: "I am moving everything I have got up there, and after I die it is Carrie's and Thomas'." We conclude that the intended gift is not shown to have been completed.

By a separate appeal, consolidated with the main case, the appellants contend that the chancellor erred in refusing to reopen the case upon the filing of a bill of review alleging newly-discovered evidence. Without setting out this matter in detail we think it enough to say that the evidence went largely to an issue of credibility and would probably not have affected the result in the case. *Killion v. Killion*, 98 Ark. 15, 135 S. W. 452. The chancellor did not abuse his discretion in refusing to act upon the bill of review.

That part of the decree relating to the furniture is reversed and the cause remanded with instructions that this property be surrendered to the executor; in all other respects the decree is affirmed.

WARD, J., dissents as to personal property.