# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## MERRYMAN v. BLOUNT.

### Opinion delivered April 30, 1906.

1. REAL MORTGAGE—RIGHT TO REDEEM.—Real property sold under a power contained in a mortgage or deed of trust can, under Kirby's Digest, § 5416, be redeemed by the mortgagor only within one year from date of the sale. (Page 3.)

2. SAME—RIGHT OF BENEFICIARY TO PURCHASE AT TRUSTEE'S SALE.—The beneficiaries in a trust deed may purchase the property at a sale under a power therein contained made by the trustee, though the deed contained no provision authorizing them to buy. (Page 3.)

3. SAME—APPRAISEMENT.—As Kirby's Digest, § 5418, providing that the appraisers shall proceed to view and appraise mortgaged property about to be sold, does not require an actual entry upon the land in order to view it, a complaint which alleges that the persons appointed to appraise did not enter upon and view the land is demurrable. (Page 4.)

4. PLEADING—NEGATIVE REGNANT.—A complaint seeking to redeem land from a mortgage foreclosure which alleges that the appraisers appointed to view and appraise the land did not enter upon and view the land can not be taken to mean that the appraisers did not view the land, but only that they did not enter upon and view it, which is not required by Kirby's Digest, § 5418. (Page 4.)

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. M. Prewett,* for appellant.

1. The sale under the trust deed was void for two reasons:

(*a*) The beneficiaries, unless there was a provision in the deed to that effect, could not purchase at a sale for their benefit. 32 Ill. 13; 8 Fed. Cases, 443; 4 Minn. 32; 58 Mo. 537; 107 N. C. 552; 9 R. I. 225; 23 Ark. 622; 52 Ill. 130; 49 Mo. 389; 76 N. C. 99; 126 N. C. 525; 80 Miss. 31. There is no distinction

79—1

between a mortgagee and the beneficiary in law. See cases *supra;* also 121 Ala. 191; 2 Perry, Trusts, 602 D; Jones on Mortg. (4 Ed.), § 1769; 40 Ch. Div. 409.

(*b*)   The appraisers did not enter upon and view the land as required by law. Kirby's Digest, § § 5417, 5418; 77 Mich. 273; 48 Kan. 124; 71 Ark. 209; 55 *Id.* 258; 2 Perry, Trusts, § 602; Pingree on Mortg. § 1315; 13 N. Y. 200; 55 Ark. 584.

2.   The equity of redemption is descendible by inheritance precisely as if it were an estate of inheritance at common law, and the heir may redeem. 6 Ark. 269; 121 Ala. 191; 85 Mich. 76; 51 Wis. 31; 10 Biss. (U. S.), 240; 2 Root (Conn.), 509; 18 Ark. 25; 12 Tenn. 10; 3 Swanst. (Eng.), 241; 72 Ala. 249; 112 Ill. 568; 2 N. Mex. 318; Jones on Mortg. par. 1055a, 1062, (6 Ed.)

The minor's right to redeem is not barred until majority. 3 Har. & N. 328; 121 Ala. 191; 25 So. 920. Exceptions are made for disabilities in limiting the time for redemption, in analogy to the statute of limitations. 17 Ves. 87; 3 P. Wms. 287; 2 Vent. 340; 2 Root (Conn.), 509; 88 Ala. 487; 7 So. 238; 82 Ala. 622; 121 *Id.* 191; 25 So. 920; 52 Ark. 132; 48 *Id.* 386. Laches not imputable to infants. 33 Ark. 490; 12 S. W. 559.

*N. W. Norton,* for appellee.

The purpose was to make a statutory redemption, as shown by the complaint and the tender of the sum bid and 10 per cent. interest, and by the prayer. No such tender was made within one year. Kirby's Digest, § 5416. There are no exceptions in favor of infants, married women, etc.; and where the statute makes none, the court can make none. 53 Ark. 418; 14 S. W. 623.

2.   Our statute does not require that appraisers shall enter upon the land; their only duty is to "view and appraise." Kirby's Digest, § 5418.

3.   Beneficiaries clearly have the right to buy. They are not the sellers. When not a seller, the beneficiary has the same right to buy as any one also. 72 Ark. 625; 83 S. W. 351.

WOOD, J.   This suit was begun by appellant to redeem a certain tract of land in St. Francis County from a sale made by a trustee under a deed of trust. The purchasers were the beneficiaries in the deed.

The complaint contains, among others, the following allegations:

"That the beneficiaries in said trust deed, L. and O. B. Rollwage, bought the land involved in this action at the sale made by the trustee, B. R. Shade, January 5, 1895, and there was no provision in the said instrument or agreement that they might become purchasers at their own sale, and that the said sale is for that cause void. That the persons appointed to appraise the land before the sale by the trustee did not enter upon and view it after their appointment as such appraisers and before assessing its value, and that for that reason the sale is void. That plaintiff, on the — day of April, 1903, offered to pay and tendered to the defendant, Fannie B. Blount, the sum of $382.69, being the amount for which the land was sold, under the deed in trust, together with 10 per cent. interest thereon, and all costs of the sale."

The prayer of plaintiff's bill is for redemption of the land, and cancellation of the several deeds, and that the sale under the trust deed be held for naught, and that the defendants be held to be mortgagees in possession, and be required to account as such; and also for a writ of assistance to place him in possession, etc.

A general demurrer to the complaint, which was sustained, presents for our consideration the following questions:

1. Did appellant have the right to redeem? The statute provides that "real property sold thereunder may be redeemed by the mortgagor within one year from the sale." Kirby's Digest, § 5416. The statute contains no exceptions in favor of minors, and the courts can make none. *Sims* v. *Cumby,* 53 Ark. 418. The statutory right of redemption is clearly indicated by the allegations of the complaint. If the sale is void for the reasons alleged in the complaint, appellant could only be barred by laches or the general statute of limitations.

2. So, is the sale void for the reason that the beneficiaries in the trust deed bought at a sale made by the trustee, where the deed of trust contains no provision authorizing the beneficiaries to buy?

The beneficiaries in a deed of trust are not the sellers, as in case of a mortgage to the mortgagee with power of sale. The

trustee in a deed of trust is not under the control of the beneficiaries in the matter of executing his trust. The beneficiaries in such deeds have the same right to buy as any other person. Not having the power of making the sale, they have the right to buy. *Hamilton* v. *Rhodes,* 72 Ark. 625. The chief object in naming a trustee is to enable the beneficiary or mortgagee to buy at the sale, to remove from the beneficiary the power to make a sale and to become a purchaser at his own sale, and thus to remove from him the power to make a sale in his own interest or to perpetrate a fraud upon the mortgagor or grantor in the deed of trust.

3. Must appraisers actually enter upon the land to be sold in order to view and appraise it after they are sworn?

The statute provides that "such appraisers shall proceed to view and appraise such property." Kirby's Digest, § 5418. The object of the appraisement is to ascertain the true value of the land and to insure, as far as possible, the sale of the land at a fair price, to prevent the possibility of the land being sacrificed at a grossly inadequate price. The report of the appraisers is, of course, made after they are sworn, and the presumption is that they will do their duty, and ascertain the value of the land as the law requires, and that this shall be done, not by report or hearsay, but by actually viewing the property. While the statute contemplates an actual view of the property, it does not require an actual entry upon the land in order to view it. A reasonable construction of the statute is that the appraisers must have viewed the property, before they place a value upon it. If this view can be had so as to ascertain the true value of the property without entry upon the land as well as by actually going upon it, then actual entry is not necessary. The complaint does not allege that the appraisers did not view the land after they were sworn, but that they did not enter upon and view it. On demurrer nothing will be taken by intendment. So the question is not presented that the appraisers did not view the land after they were sworn, but only that they did not enter upon and view it.

The demurrer was therefore properly sustained, and the judgment is affirmed.