## KING v. TURNER.

### Opinion delivered April 6, 1914.

1. ADMINISTRATION—RIGHT OF ADMINISTRATOR TO PURCHASE AT FORE-CLOSURE SALE.—While the mortgagee of land, who becomes administrator of the estate of which the land is a part, may not purchase the land at a sale under a statutory foreclosure of his mortgage, but he may buy in the land at the foreclosure sale, at the request of the beneficiary under the will, in the absence of fraud, and pursuant to an agreement to allow the beneficiary to redeem in two years, and when the transaction is had in good faith, it will not be set aside in a suit by the beneficiary. (Page 340.)

2. APPEAL AND ERROR—FINDINGS OF CHANCELLOR.—The findings of the chancellor, as to matters of fact will not be disturbed on appeal unless against the clear preponderance of the evidence. (Page 342.)

Appeal from Lee Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

This is a suit in chancery by Emma King against J. F. Turner to set aside the sale of the lands in controversy made to Turner under a statutory foreclosure of a deed of trust. The facts, so far as are material to the issues raised by the appeal, are substantially as follows:

Warren Thompson was the owner of the forty acres of land in controversy in his lifetime, and executed a deed of trust conveying the lands to W. M. Hunter, as trustee, to secure a debt he owed J. F. Turner. Warren Thompson made his will, whereby he devised the land in controversy to Emma King. After Thompson's death,

the executor under his will declined to act, and the defendant, Turner, was appointed administrator of his estate with the will anexed. He took charge of the land in controversy and rented it out.

While the administration was pending, Turner directed the trustee named in the deed of trust to sell the land to satisfy his debt. The land was duly advertised for sale, and was duly appraised by three disinterested householders appointed by a justice of the peace. The land was appraised at the sum of ten dollars per acre, and the appraisers stated that was its value at the time. Ten acres of it was in cultivation, and the balance was woodland. On the day fixed for the sale, the defendant, Turner, bid the sum of four hundred dollars, the amount of his debt, and that being the highest sum bid, the land was struck off to him, and he has since been in the possession of it. Several witnesses for the plaintiff testified that the land was worth twenty-five dollars per acre. The plaintiff testified that she found out, soon after Warren Thompson's death, that the debt secured by the deed of trust amounted to four hundred dollars. She said she was not present at the sale. The defendant, and several witnesses for him, testified that the land was not worth more than ten dollars per acre. The defendant testified that on the day of sale the sale was conducted by the trustee named in the deed of trust; that there was quite a number of persons present who were able to purchase the land; that some of them were colored and some of them were white persons; that he does not remember who bid on the land; that the land was sold pursuant to the terms of the deed of trust at a public sale on the 11th day of May, 1907, and that he became the purchaser at the sale made by the trustee; that there was at that time litigation pending between Emma King and the heirs of Warren Thompson in regard to the probate of the will; that it was not known at the time whether Emma King would take under the will or whether the lands would descend to the heirs of Warren Thompson; that Emma King told him to go ahead and

have the land sold, and that he told her that she had two years in which to redeem it. He further testified as follows: "She asked me to buy the land and said this: 'I reckon this lawsuit will be settled up so I can redeem the land in two years.' She told me that." He further stated that Emma King was present when he bought the land, but does not remember whether her husband was there or not, but that her husband had asked him to buy the land at the sale.

Other facts will be referred to in the opinion. The chancellor found that the plaintiff was not entitled to recover in the action and entered a decree dismissing her complaint for want of equity. The plaintiff has appealed.

*J. F. Wills* and *C. L. O'Daniel,* for appellant.

This court adheres to the wholesome rule that one who occupies a trust relationship to another will not be permitted to take advantage of that relation. Appellee, when he became administrator of Warren Thompson's estate, placed himself in such relation of trust, and was, therefore, forbidden to purchase any part of the estate at a sale thereof. 27 Ark. 637; 54 Ark. 627; 55 Ark. 91; 61 Ark. 575; 64 Ark. 438; 85 Ark. 140; 95 Ark. 434; 33 Ark. 587.

*Roleson & McCulloch,* for appellee.

1. The decree should be affirmed, because the devisee under the will, who was of age, requested appellee to purchase the land, was present at the sale, stood by and saw him purchase it and made no objection. 1 Lewin on Trusts, 662, subdiv. 14; *Id.* 662, subdiv. 12; 10 Cyc. 329; *Id.* 770; 84 Ark. 557; 78 Ark. 111.

2. Appellee had the right to buy. His relationship to the Thompson estate did not place him in such relation of trust toward the beneficiaries under the will as would bring him under the rule prohibiting a trustee from purchasing at his own sale. 79 N. C. 426; 18 Cyc. 771; *Id.* 328; 88 N. W. 433; 30 So. 784; 4 So. 720; 57 S. W. (Mo.) 1078-1080.

HART, J., (after stating the facts). When the defendant, Turner, was appointed administrator with will annexed of the estate of Warren Thompson, deceased, he took possession of the forty acres of land in controversy and rented it out. While the administration was pending he directed the trustee named in the deed of trust executed by Warren Thompson to sell the land for the purpose of satisfying the debt secured by the deed of trust. Pursuant to this direction, the trustee sold the land under the power contained in the deed of trust, and the defendant, Turner, became the purchaser at the sale. When Turner took possession of the land as administrator, he became, with respect to the plaintiff as devisee under the will of Warren Thompson, a trustee, with all the responsibilities and liabilities incident to such fiduciary relation. If he had not been administrator with will annexed, he would have had the same right to have purchased at the sale as any third person might have had. This is so because the sale under the deed of trust could only be made by the trustee, and Turner, not having the power to make the sale, would have the right to purchase at the sale. *Merryman* v. *Blount,* 79 Ark. 1. While Turner had the right to have the land sold under the power of sale contained in the deed of trust, he did not have the right to become a purchaser at the sale. Under the principles of law laid down in the case of *Montgomery* v. *Black,* 75 Ark. 184, Turner, as administrator with the will annexed, represented at the sale the interest of the Warren Thompson estate as much as he did his own interest. Therefore, the duty rested upon him to see that the property brought as much as possible, and his relation to the estate forbade that he should become the purchaser at the sale. As said in the case just referred to, his attitude, as bidder at the sale, was in direct conflict with his duty to the estate and is strictly forbidden by salutary and well established rules of equity. But it does not follow that the decree should be reversed on this account. At the time the sale was directed to be made, and at the time it was made, the

question of whether the will of Warren Thompson should be admitted to probate had not been decided, and it was not known whether or not Emma King was the owner of the land as devisee under the will. She recognized this fact, and, according to the testimony of the defendant, told him to have the sale made, and also asked him to buy the land at the sale. The defendant also states that both Emma King and her husband knew the amount that was due him under the deed of trust, and that her husband also requested him to purchase the land at the sale. He states that he does not know whether the husband of Emma King was present at the sale, but says that Emma King herself was present. Emma King denies this fact, but she does not deny that she requested the defendant to purchase the land at the sale. The defendant had a right to purchase the land directly from her, and, in the absence of fraud or undue influence on his part, a sale of the land by Emma King to him would be a valid and binding obligation. There is no testimony tending to show that the defendant practiced any deception whatever on Emma King. It is true, he told her that she had two years in which to redeem the land from the sale under the deed of trust when the statute only gives one year; but it is not shown that this statement was made with intent to deceive her, but seems to have been made because he was in ignorance of the statutory period of redemption. In equity he would have been bound to have made his statement good, and Emma King would have had a right to redeem the land at any time within two years after the statutory proceedings of foreclosure under the deed of trust were had. She did not attempt to assert this right within the two years.

The chancellor made a general finding of fact in the case and found that the plaintiff was not entitled to recover. It has uniformly been held by this court that the findings of fact made by a chancellor will not be disturbed on appeal unless they are against the clear preponderance of the evidence. If, as we have already seen, the defendant had the right to purchase the land

in controversy directly from the plaintiff, he had also
the right to purchase at the statutory foreclosure pro-
ceeding. Under an agreement made with the plaintiff,
according to the testimony of the defendant and his wit-
nesses, he paid a fair price for the land, and the plain-
tiff agreed for him to purchase, with a full understanding
of the conditions as they existed. The chancellor made
a general finding in favor of the defendant, which was
tantamount to a finding that no fraud was practiced upon
the plaintiff and that no advantage was taken of her by
the defendant by virtue of his fiduciary relation. His
finding is not against the preponderance of the evidence,
and must be upheld and applied.

The decree will be affirmed.